GEORGE W. WHITE *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

Suffolk.    March 28. — May 6, 1876.    DEVENS & LORD, JJ., absent.

In an action on a policy of insurance against fire, containing a clause that the company should not be liable by virtue of the policy until the premium therefor be actually paid, it appeared that the company's general agent was accustomed, in the usual course of his business with a certain insurance broker, to deliver policies containing this clause to him, without requiring the cash payment of the premiums, charging him therewith instead, in personal account, and rendering him monthly bills thereof, deducting an agreed commission for obtaining the risks, the broker in his monthly settlement paying the premiums charged, whether he had collected them or not; that a large number of such policies had been so issued by the agent, with the company's knowledge and without objection, and losses had been paid on many of them, though no such cases were shown where the loss happened before an actual payment of the premium; that the broker made application to the agent for insurance upon behalf of the plaintiff, and the agent accordingly filled up, executed and countersigned a policy to him, and sent it by mail to the broker, who informed the plaintiff that he had his policy for him, and would call on him the first of the following month, and settle the matter. It also appeared that the broker had been in the habit of obtaining insurance for the plaintiff and keeping his policies for him, and frequently had funds of the plaintiff in his hands, and had never demanded of him payment of the premium on the policy in suit. *Held*, that this evidence would warrant the jury in finding that the duly authorized agent of the company had accepted the individual credit of the broker as a payment of the required premium ; and that the plaintiff was entitled to maintain the action.

A policy of insurance against fire provided that the insurance might be terminated at any time at the option of the insurer on giving notice to that effect, and refund

ing a ratable proportion of the premium for the unexpired term of the policy *Held*, that a notice of a desire to terminate the policy, without an offer to return part of the premium, was not sufficient.

A policy of insurance against fire provided that any person other than the assured, who might have procured the insurance, should be deemed the agent of the assured, and not of the insurers, under any circumstances whatever, or in any transaction relating to the insurance. *Held*, that the clause referred to the original transactions connected with obtaining the policy, and could not be construed to mean that an insurance broker procuring the policy should be the agent of the assured to receive notice of its termination.

CONTRACT upon a policy of insurance against fire. At the trial in the Superior Court, *Pitman*, J., by agreement of the parties, after verdict for the plaintiff, reported the case to this court, the verdict to stand, if upon the evidence reported the jury would be authorized to return such verdict; otherwise, judgment for the defendant. The evidence sufficiently appears in the opinion.

*S. Hoar*, for the defendant.

*A. Wellington*, for the plaintiff.

COLT, J. The policy in this case was obtained for the plaintiff by Hunt, an insurance broker, through the defendant's general agent, Darling. It contained provisions, among others: 1st. That the company should not be liable by virtue of the policy until the premium therefor was actually paid. 2d. That the insurance might be terminated by the company on notice to that effect, and on refunding a ratable proportion of the premium for the unexpired term of the policy. 3d. That any person who had procured the insurance, other than the assured, should be deemed to be the agent of the assured, and not of the company, " in any transaction relating to this insurance; " and 4th. That nothing less than a distinct agreement, indorsed on the policy, should be construed as a waiver of any restriction or condition contained in it.

The defence is that there had been no actual payment of the premium, made necessary by the terms of the policy as a condition precedent to its validity; and that the risk was terminated before the fire by notice from the company.

The defendant offered no evidence, and the only question is whether the plaintiff's evidence, as reported, would justify a jury in finding a verdict in the plaintiff's favor. If so, as agreed at the trial, judgment must be entered for him.

We are of opinion that there is evidence derived from the relations of the several parties, the transactions between them, the course of business and the delivery of the policy, which would justify a finding that the company accepted the credit given to the broker, Hunt, individually, as a payment of the premium, within the meaning of the terms of the policy.  It was according to their course of business for the general agent of the company to deliver policies to Hunt without requiring cash payment of premiums.  Instead of that, he charged Hunt in account individually, and rendered to him monthly bills, deducting an agreed commission allowed him for obtaining risks for this company.  The policy in this case was so delivered, without demand for payment of money.  A large number of the defendant's policies containing these same clauses had, with the defendant's knowledge, been issued by Darling to insurance brokers in the same way, without objection on the part of the defendant, and losses had been paid on many of them, but no cases were shown where the loss happened before an actual payment of premium.  There was evidence from Hunt, that, in his monthly settlements with Darling, he paid the premiums charged to him, whether he had collected them or not, and offered to pay this premium at his settlement in January, next after the date of the policy, and after the fire ; that he had been in the habit of obtaining insurance for the plaintiff and keeping his policies for him, and frequently had funds of the plaintiff in his hands, and had never demanded of him the payment of this premium, although the evidence was that he had informed the plaintiff, before the fire, that his insurance had been procured, and he would call on him the first of the following month, with the assurance that he need have no uneasiness about the matter.   The company notified Darling, before the fire, that it did not wish the risk at the rate taken, but said nothing as to payment of premium.

It is a fair inference from all this, that the duly authorized agent of the company had accepted the individual credit of Hunt as a payment of the required premium.  It is not a question of waiver, by parol agreement, of an express stipulation in a written contract, within the cases cited by the defendant.  It is rather a compliance with the condition required to give validity to the policy, within a large class of cases in which it is held

sufficient.  *Tayloe* v. *Merchants' Ins. Co.* 9 How. 390, 402.  *Miller* v. *Life Ins. Co.* 12 Wall. 285, 303.  *Sheldon* v. *Atlantic Ins. Co.* 26 N. Y. 460.  *Sheldon* v. *Connecticut Life Ins. Co.* 25 Conn. 207.  *Bouton* v. *American Life Ins. Co.* 25 Conn. 542.

Assuming that the contract of insurance was perfected, so that the risk attached, the defendant fails to show a termination of the insurance before the fire, in accordance with the terms of the policy.  The provision is that " the insurance may be terminated at any time at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy."  The letter of the general agent to Hunt, giving him notice that the company did not wish the risk at the rate named, and demanding a return of the policy, without an offer to return any part of the premium, was not sufficient.  The facts do not conclusively show that Hunt was the agent of the plaintiff to receive notice of a termination of the risk, and the provision in the policy making the person who procures the insurance " the agent of the assured in all transactions relating to the insurance," cannot be construed to mean that such person shall be agent to receive notice of the termination of the insurance at any time during the life of the policy ; it plainly refers to the original transactions connected with obtaining it.          *Judgment on the verdict.*