ADOLPH HERMANN, Respondent, *v.* THE NIAGARA FIRE INSURANCE COMPANY, Appellant.

The authority of a broker, who is not a general agent to place and manage insurance on his principal's property, but is specially employed to procure insurance on certain property, terminates with the procurement of the policy ; no authority can be implied from the original employment to discharge the contract.

Plaintiff authorized K. & B., insurance brokers, to procure insurance on certain property for a sum specified ; they procured a policy from defendant, which was delivered to plaintiff; it contained a clause giving the company the right to terminate· the insurance " on giving notice to that. effect." Defendant directed its agents to cancel the policy; they notified K. & B. of this fact, and arranged with them to issue a policy in another company to take the place of defendant's policy. K. & B. agreed to procure said policy from defendant, and thereupon defendant's agent wrote a policy in another company. Plaintiff had no knowledge or information as to this arrangement until after a loss, and had the original policy in his possession. *Held*, that the notice to K. & B. was not notice to plaintiff, and the transaction did not operate as a cancellation of defendant's policy.

*S. O. Co.* v. *T. Ins. Co.* (64 N. Y. 85), distinguished.

A clause in the policy declared that any person other than the assured procuring the policy should be deemed an agent of the assured, not of the company, "in any transaction relating to this insurance." *Held,* that this did not constitute K. & B. continuing agents, or make the notice to them binding upon plaintiff.

Plaintiff resided in New York; the property insured was in Troy. Defendant gave evidence tending to show a local custom in Troy, that notice of cancellation may be given to the broker who procures the insurance. This custom was unknown to plaintiff. *Held,* that the custom was inadmissible to control or affect the contract.

The policy required notice of a loss to be served forthwith on the company; it accepted final proof of loss without objection that this condition had not been complied with, basing its refusal to pay on the ground that the policy had been canceled. Defendant's agent was at the fire, and its officers knew of it soon after. *Held,* that a strict compliance with the provision was waived.

(Argued October 15, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, in favor of plaintiff, entered upon an order made June 5, 1883, which overruled defendant's exceptions and directed judgment upon a verdict.

This action was upon a policy of fire insurance. The material facts are stated in the opinion.

*William Allen Butler* for appellant. The position of the plaintiff that Kennedy & Buell were not his agents in respect to the insurance after the policy had been delivered by them to him is untenable. (*Standard O. Co.* v. *T. Ins. Co.,* 64 N. Y. 85.) The agency of Kennedy & Buell must, therefore, be regarded as a continuing one in reference to the insurance. The express provision in the policy that the person procuring the insurance shall be deemed the agent of the insured in any transaction relating to the insurance has been upheld by this court. (*Rohrback* v. *G. Ins. Co.,* 62 N. Y. 47; *Alexander* v. *Same,* 66 id. 464 ; *Whited* v. *Same,* 76 id. 415.) The notice of loss to be given forthwith, required by the policy, was a condition precedent to be performed by plaintiff, without proof of which he cannot recover. (*Inman* v.

*W. F. Ins. Co.*, 12 Wend. 452; *Brink* v. *Hanover F. Ins. Co.*, 80 N. Y. 108; *Goodwin* v. *Mass. Mut. Ins. Co.*, 73 id. 480; *Sherwood* v. *A. Ins. Co.*, 10 Hun, 593.)

*N. B. Hoxie* for respondent. Such agency of Kennedy & Buell, as existed in reference to the policy in suit, was one that the law infers from the receipt and retention by the plaintiff of the policy thus procured, and it naturally would and did terminate when the policy had been delivered to plaintiff and the premium paid by him. (May on Ins., § 138; *Hodge* v. *Security Ins. Co.*, 33 Hun, 587.) The possession of the policy was sufficient evidence of his authority and agency to cancel or modify it. ( *Whited* v. *Germania Ins. Co.*, 76 N. Y. 415; 109 U. S. 278; *Van Valkenburgh* v. *Lenox Ins. Co.*, 51 N. Y. 465; *Nat. F. Ins. Co.* v. *Isett*, 14 Rep. 378; *Adams* v. *M. & I. Co.*, 12 Ins. L. J. 787; *Tehler* v. *N. O. Ins. Co.*, 14 id. 734; *S. O. Co.* v. *T. Ins. Co.*, 64 N. Y. 85; *Collender* v. *Dinsmore*, 55 id. 200.) An insurance company will be held to an exact and full compliance with this condition if it is sought to be availed of. (*McLean* v. *R. Ins. Co.*, 3 Lans. 421; *Goit* v. *N. P. I. Co.*, 25 Barb. 189; May on Ins., § 67; Wood on Ins. 106; *Runkle* v. *C. Ins. Co.*, 11 Ins. L. J. 94.) If the exchange of the policy of the Insurance Company of North America for defendant's policy had been consummated, that would not have been a refunding of the premium. The premium was paid in money and could be refunded only in money. (*Hathorn* v. *Germania Ins. Co.*, 55 Barb. 28; *F. Ins. Co.* v. *Marsey*, 33 Penn. St. 221; *Hollingsworth* v. *G. I. Co.*, 45 Ga. 294; *Ætna Ins. Co.* v. *Maguire*, 51 Ill. 342.) The policy of the Insurance Company of North America was inchoate and conditional while that of the defendant was absolute, it was not in any just sense a fair and equal substitute for that of the defendant. (*Lapin* v. *Charter Oak Ins. Co.*, 58 Barb. 325; *Graham* v. *Phœnix Ins. Co.*, 77 N. Y. 171.) When an insurer, with knowledge of a claim made under a policy, rests his defense exclusively upon other grounds, he is treated as having waived all objections to the seasonableness or sufficiency of notice or

proofs of loss, and cannot afterward avail himself of defects therein. (*State Ins. Co.* v. *Maacheus*, 9 Vroom, 564; Wood on Ins. 726, § 420.)

ANDREWS, J.  Regarding the evidence in the most favorable light for the defendant, the authority conferred by the plaintiff on Kennedy & Buell, was to procure insurance to the extent of $8,500 upon the plaintiff's factory building, and the machinery and furniture therein, in the city of Troy, either in companies which they represented as agents, or in other companies.  In execution of this authority Kennedy & Buell in the first instance, placed the entire insurance in their own companies.  Subsequently, on some of the companies refusing to carry the risk, they procured the defendant, through Kelly & Knox, its agents, to issue the policy in question, in place of the policies which had been canceled.  The defendant's policy was dated February 11, 1880, and was for the period of one year.  The plaintiff resided in the city of New York, and the firms of Kennedy & Buell and Kelly & Knox, in the city of Troy.  Upon the receipt by Kennedy & Buell of the defendant's policy from Kelly & Knox, the former firm forwarded it to the plaintiff in New York, and it remained in his possession until after the fire.  There was no transaction between the plaintiff and Kennedy & Buell subsequent to the forwarding of the policy, except the payment by the plaintiff to them of a premium account, which included the premium on defendant's policy.  The principal question in the case arises on the defense of cancellation.  The policy provides that the company may terminate the insurance " on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term."  The defendant prior to March 16, 1880, directed Kelly & Knox to cancel the policy.  On that day they notified Kennedy & Buell of this fact, and an arrangement was made between the two firms, that Kelly & Knox should issue a policy in another company, to take the place of the defendant's policy, and that Kennedy & Buell should procure from the plaintiff the policy in question and deliver it to Kelly & Knox.  Kelly &

Knox thereupon wrote a policy in the Insurance Company of North America, and sent it to Kennedy & Buell, and the return premium on the defendant's policy, and the premium on the new policy were adjusted by entries in the mutual accounts of the two firms. The fire occurred March 20, 1880. The defendant's policy was then in the plaintiff's possession, and he had no knowledge or information of the transaction in respect to the cancellation, until after the fire. We are of opinion that that transaction did not operate as a cancellation of the defendant's policy. The defendant reserved the right to cancel the policy on notice to the insured. This condition would be satisfied by personal notice to the plaintiff, or to an agent authorized to receive it. But the authority of a broker employed to procure insurance for his principal, such broker not being a general agent to place and manage insurance on his principal's property, terminates with the procurement of the policy. It cannot in reason be held to continue after the insurance has been procured, and the policy has been delivered to the principal. An agent to procure a contract, has no power to discharge it implied from the original authority merely. If he possesses that power, it arises from some actual or apparent authority superadded to the mere power to enter into the contract. In this case Kennedy & Buell had no general authority to represent the plaintiff in all matters relating to the insurance as did the agent in the case of *Standard Oil Co.* v. *Triumph Ins. Co.* (64 N. Y. 85), nor had they any apparent authority to accept notice of cancellation. The defendant's agent, when the transaction of March 16, 1880, took place, knew that Kennedy & Buell had sent the policy to the plaintiff in New York, and that it was then in his possession. The defendant relies upon a special clause in the policy which declares that "it is a part of this contract that any person, other than the assured, who may have procured this insurance to be taken by this company, shall be deemed the agent of the assured named in the policy, and not of this company, under any circumstances whatever, or in any transaction relating to this insurance." This clause was primarily intended, no doubt, to define the relation of the

insured to a person who applied for and procured the insurance, in a case where the same person was also agent for the insurer in taking risks and soliciting insurance; or, in other words, in a case of double agency. The obvious meaning of the clause is that the person procuring the insurance shall, in respect to that matter, be deemed the agent of the insured; whatever his relations to the company in other respects may be, and that in any transactions in respect to the particular insurance, he shall not be deemed the agent of the company, by reason of such other relations. But it does not declare that in all transactions relating to the insurance, after the inception of the contract, he shall be deemed the agent of the insured, but only that in respect to such other matters or transactions he shall not be deemed the agent of the company. The agent procuring the insurance may, in a given case, be the agent of the insured in transactions subsequent to the inception of the policy, but this would depend upon his actual authority. The special clause does not purport to constitute him a continuing agent, and such a construction would be very unreasonable. This clause has been construed in several cases in substantial accord with the views here expressed. (*Grace* v. *Am. Cen. Ins. Co.*, 109 U. S. 278; *White* v. *Conn. Fire Ins. Co.*, 120 Mass. 330; *Adams* v. *Man. & Build. Ins. Co.*, 12 Ins. L. J. 787.) The local custom in Troy, that notice of cancellation may be given to the broker who procures the insurance, was unknown to the plaintiff, and in so far as it assumes to make the broker an agent of the insured to receive notice of cancellation, although he had no such authority in fact, it is an attempt to override the legal construction of the contract, and was inadmissible to control it. The point that there was no *forthwith* service of notice of the fire, as provided in the policy, is answered by the fact that the defendant accepted the formal proofs of loss, and placed its refusal to pay the insurance on the ground that the policy had been canceled. The defendant's agent was at the fire. The company's general officers knew of the fire soon after it happened. It needs but little evidence, under such circumstances, to justify the conclusion that the

insurer had waived strict compliance with the provision as to notice.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.