By the Court.—Ingraham, J.
The only question in this case is whether the policy of insurance sued on was cancelled. It was held by this court on a former appeal, 52 Super. Ct. 490, that as the policy of insurance was delivered to the plaintiff without requiring the payment of a premium, a presumption was raised that a credit was intended, and the prepayment of the premium waived; that Rieger’s authority to act for the plaintiff ceased on procuring the policies, and that he had no authority to cancel the policy or to receive notice of said cancellation from the insurance company.
The court found the execution and delivery of the policy; that the same remained in plaintiff’s possession up to the time of the trial; that the plaintiff employed one Spitzer to procure $5,500 insurance on his property, that said Spitzer employed Rieger to procure such insurance ; that said Rieger did procure five policies in the sum of $1,100 each; that two of the said policies were in the Germania Insurance Co., one in the defendant company, one with the Transatlantic Company, and one *278 with the Mechanics and Traders Ins. Co.; that all the policies were delivered to the plaintiff and retained by him; that the premiums due on all of said policies amounted to $166, of which plaintiff paid said Spitzer $100, and that the balance of the premiums remained unpaid; that by an agreement between defendant and Rieger acting for plaintiff, duly authorized, the said policy with the defendant was cancelled, and the said insurance ceased.
The question presented is whether there is any evidence to sustain the finding of fact that Rieger was authorized by the plaintiff to cancel the policy for him. Plaintiff’s evidence tended to show that the five policies being in plaintiff’s possession Spitzer demanded payment of the balance due for premiums. Plaintiff then said, “ I don’t want your policies,” went to the safe and then said he had enough insurance and didn’t want any more, and gave Spitzer two policies, one in the Transatlantic Co., and one in the Mechanics and Traders Co. Spitzer took these two policies and delivered them to Rieger and ordered them cancelled. Rieger out of the $100 paid by plaintiff, had paid the premiums on these two policies but had not paid the premiums on the policy in suit.
It is very clear that this transaction gave no authority to Spitzer or Rieger to cancel the policy in suit. Plaintiff said he had enough insurance and did not want any more. He had paid for three of the five policies, and the delivery of two of the five would be an authority to cancel the two delivered, certainly not the three retained.
The contracts of insurance were separate, with different companies, and if two were to be cancelled it was for the plaintiff to say which of the policies he wished can-celled, and which retained.
It appears that neither the plaintiff nor Spitzer knew at the time that the premium on the defendant’s policy had not been paid by Rieger, and there is nothing to justify the court in. holding that plaintiff conferred any *279 authority, at that interview, on Spitzer to cancel any policies except the two delivered.
I think, therefore, the cancellation of the policy with the defendant, by Eieger and the company, was unauthorized by the plaintiff, and that the finding that plaintiff authorized Eieger to cancel the policy is without evidence to sustain it.
Defendant claims however that plaintiff ratified the cancellation of the policy. There is no finding as to such ratification or as to any interview between Eieger and the plaintiff after the policy was cancelled, and plaintiff denies the testimony of Eieger in which such' conversation is related.
Taking Eieger’s testimony as true, however, I do not think there is any evidence of such a ratification. Eieger stated that in the afternoon of the day or the morning after the attempted cancellation, he went to plaintiff’s store and took the íavo policies delivered to Spitzer, and said to plaintiff, “ I understood he said he did not Avant this insurance, and I asked him if that was so. He said yes, he did not want it.” Eieger further testified that in the same interview plaintiff said, “ that on the following Saturday if I gave him these two policies he would bring doAAm the other two and give them to me, and eleven dollars. I did not want a scene in the saloon. I put on my hat and left. That was on Tuesday before the fire.”
Eieger was not the agent of the defendant, nor Avas he acting on its behalf. He had assumed to act for the plaintiff without authority, and there was no evidence that he expressly informed the plaintiff what he had done. There could be no ratification of his acts without full knowledge by the principal of the act done by Eieger and of his right to repudiate that act as unauthorized.. The only thing that plaintiff did was to make a proposal for the settlement of the dispute, and that Eieger did not accept.
It is clear that the evidence would not have justified *280 the court in finding that there was such a ratification. Nor did the company cancel the policy under the right therein reserved. The policy provides that “ it (the policy) may also be cancelled at any time by the company on giving a written or verbal notice to that effect and refunding a ratable proportion of the premium. Under such a provision the policy could only be cancelled by a personal notice to the plaintiff, or to his agent authorized to receive it. Herman v. Niagara Ins. Co., 100 N. Y. 415.
The company attempted to cancel the policy by agreement with a person who assumed to act for the plaintiff, but who was without authority, and without notice to the assured, and such cancellation was, I think, ineffectual, and the policy remained in full force.
Applying this rule as settled by this court on a former appeal, I do not think there is any evidence to show that plaintiff had ever authorized Spitzer or Rieger to cancel the policy or ratify such cancellation.
The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.
Freedman J., concurred.