Greenwich Insurance Co. *v.* Union Dredging Co.

---

THE GREENWICH INSURANCE COMPANY, Appellant, *against* THE UNION DREDGING COMPANY, Respondent.

(Decided May 2d, 1887.)

In an action by an insurance company to recover a premium, it appeared that defendant had paid the same to the brokers through whom the insurance was procured and who delivered the policy to it. The policy contained a clause, " It is agreed that the person or persons, if any, other than the assured, who have procured this insurance to be taken by this company, shall be deemed the agent or agents of the assured, and not of this company, in any transactions relating to this insurance, and if the premium on this policy shall be paid to any person or persons other than the duly appointed and authorized agent of this com-

pany, such payment shall be at the sole risk of the assured." Defend-
ant had no knowledge of the actual relation existing between plaintiff
and the insurance brokers. *Held*, that defendant had the right to rely
upon the brokers' implied authority to receive payment, and was not
liable.

APPEAL from a judgment of the District Court in the
City of New York for the First Judicial District.

The action was brought in the First District Court to
recover the premium on a policy of insurance issued on
property belonging to the defendant. The defendant alleged
payment of the premium to Pomroy & Mackaye, insurance
brokers, who had transacted business in several other matters
for the plaintiff. About eleven months after such payment,
the plaintiff applied to the defendant for the payment of the
premium which had already been paid to the brokers. The
policy in question contained among other things the follow-
ing clause: "It is agreed that the person or persons, if
any, other than the assured, who have procured this insur-
ance to be taken by this company, shall be deemed the agent
or agents of the assured, and not of this company, in any
transactions relating to this insurance, and if the premium
on this policy shall be paid to any person or persons other
than the duly appointed and authorized agent of this com-
pany, such payment shall be at the sole risk of the assured."
The policy was delivered by the plaintiff to the brokers,
who delivered it to the defendant, who, as already shown,
paid the premium to them, and the question arises whether,
in face of such a provision in the policy, the payment by the
defendant, who is not shown to have had any knowledge of
the relations between the brokers and the plaintiff, was
valid and binding.

*A. E. DeMott*, for appellant.

*C. W. Francis*, for respondent.

LARREMORE, Ch. J. — Of course if there were no other
circumstances in the case except the provision of the policy

Greenwich Insurance Co. *v.* Union Dredging Co.

above referred to, the plaintiff would have been entitled to recover. But it seems to me that in view of the facts that the plaintiff and the brokers had other business transactions, that it gave the policy to the brokers, and that, without knowledge of their relations, the defendant paid the parties who brought the policy, there was a waiver of the restriction as to the payment to any but an authorized agent. How was the defendant to know that they had no authority to act, or that they were not the duly authorized agents of the plaintiff? The defendant was not obliged, when a policy was presented such as he had ordered, to go and inquire at the company to see whether these brokers had authority to receive the premium. The very fact that they had possession of the policy ought to be sufficient to protect the defendant and induce the belief that they were acting for the company. If any other rule were to be applied, it would require every person insuring property, except at the general office of the insurance company, to go to such company and make inquiry as to the authority of the party who presented the policy and received the premium. I am also inclined to believe, upon the whole testimony, that Pomroy & Mackaye were the agents for the plaintiff, at least to deliver policies, and if the plaintiff failed to receive payment, as it had in many instances through them on the other transactions, it was its duty to have taken action at once.

I assent to the well-established rule, supported by a long line of authorities, that in the absence of any extrinsic proof the broker is held to be the agent of the assured. But this case presents some facts from which the court below, in view of other dealings of like character between the plaintiff and the brokers, might infer a special agency to collect premiums. The witness Pomroy testified that the plaintiff kept an account with his firm, in which these and other charges were entered; that he had seen that account; that when he paid premiums to plaintiff, it generally got the book of these accounts and put that on the counter and checked them up where they had been paid.

That the plaintiff gave credit to the brokers is evident from the fact that they gave policies to them for delivery. The policies might have been sent by a duly authorized agent of the company if such credit had not been allowed. In Ewell on Agency (p. 6) it is said an insurance broker is agent for the assured and also for the underwriter: he is agent for the assured first in effecting the policy and everything that is to be done in consequence of it; then he is agent for the underwriter as to the premium, but for nothing else, and he is supposed to receive the premium from the insured for the benefit of the underwriter: but the whole account with respect to the premium after the insurance is effected, remains a clear and distinct account between the underwriter and the broker. Exclusive of fraud and other similar circumstances, there is an end to everything with respect to the premium as between the insurer and insured. To the same effect is Wharton's Commentaries on Agents and Agency (§ 704). The broker in such a case is not solely agent, he is a principal to receive the money from the assured and pay it to the underwriters. In an ordinary case the assurers have no claim upon the assured for the premium, because by the policy they acknowledge the receipt of it (*Fox* v. *Bell,* 3 Taunt. 493; *Shee* v. *Clarkson,* 12 East 507).

Upon the whole testimony in the case, I think there was some evidence from which a special agency to receive the premiums might be inferred, and to authorize the finding of the court below on that point. The judgment should be affirmed, with costs.

BOOKSTAVER, J. — I concur in the conclusion that there was sufficient evidence to warrant the justice in finding that the brokers were agents for plaintiff.

Judgment affirmed, with costs.