dition. He saw her almost every day, and sometimes more than once a day, and according to his testimony, she was suffering from a complication of diseases which naturally (as said before) affected her mind. Three physicians, basing their expert testimony on the facts testified to by Dr. Holmes, swore that a person suffering from those conditions had not sufficient mental capacity to make a will. The learned trial judge directed a verdict, disregarding the testimony of the expert witnesses, evidently so doing upon the view which this court took in a case which has since been reversed by the Court of Appeals. Differing from us, the Court of Appeals, in Hagan v. Sone, 174 N. Y. 318, 66 N. E. 973, expressly held that expert evidence of the character introduced in this case was admissible, and should have been left to the jury for their consideration, saying, that the value and bearing of the evidence, as well as its construction, is for the body to which is committed the decision of all questions of fact. We are of the opinion that all the evidence of the expert witnesses should have gone to the jury in this case, there being abundant proof as to the existence of conditions which might have affected the testamentary capacity of the testatrix.

The judgment and order are therefore reversed, and a new trial ordered, with costs to appellants to abide the event. All concur, except O'BRIEN, P. J., who dissents.

---

(109 App. Div. 530.)

GLOBE & RUTGERS FIRE INS. CO. v. ROBBINS & MYERS CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

INSURANCE—AGENTS—EXISTENCE OF RELATION—EVIDENCE.

In an action for a premium on a fire policy, evidence *held* to show that the one to whom defendant had paid the premium was plaintiff's agent.

Ingraham, J., dissenting.

Appeal from Appellate Term.

Action by the Globe & Rutgers Fire Insurance Company against the Robbins & Myers Company. From a judgment for defendant (88 N. Y. Supp. 996), plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Philip Lindsley, for appellant.
Henry Melville, for respondent.

McLAUGHLIN, J. This action was brought to recover the sum of $300, premium alleged to be due on a policy of fire insurance. Defendant took out what is termed a "floating fire insurance policy" in the plaintiff company, for which it paid a premium of $300 to one Elliott. Elliott paid the same to one Carroll, who absconded, without turning the money over to the plaintiff. The sole question presented for determination is whether Carroll, at the time the payment was made to him, was the agent of the insurance company or the agent of the defendant. The action was originally brought in the Municipal Court of the city of New York, where, after a trial had,

it was determined that Carroll was the agent of the insurance company, and that the payment by the defendant to him was a payment to the plaintiff.   An appeal was taken from the judgment to the Appellate Term, where the same was affirmed (88 N. Y. Supp. 996), and the plaintiff by permission now appeals to this court.

I am of the opinion that the judgment is right and should be affirmed.   The plaintiff's cashier, Lindsay, testified that between the 1st of January, 1902, and the 5th of June of the same year, the plaintiff issued, through Carroll, some 19 different fire insurance policies, of which that issued to the defendant was one; that the policies were delivered to Carroll and he was expected to collect the premiums, and, if the policies were floating policies, he was to receive 10 per cent. commission on the premium collected, which was the sum agreed upon between him and the plaintiff; that the policy issued to the defendant was delivered to Carroll and he was expected to collect the premium, for which his commission, according to the agreement was to be 10 per cent; and that on the books of the plaintiff there was no account with the defendant, except as there appeared an entry of the issuance of the policy under Carroll's name.   This testimony was not contradicted in any way.   The proof showed that the defendant did not deal with Carroll.   Its dealings were with Elliott, who, when the policy was delivered to him, paid Carroll the premium.   Upon these facts it seems to me Carroll was the agent of the insurance company.   It paid him for getting the insurance.   The policy was given to him for the purpose of delivery to the insured, and, when such delivery was made, he was to collect the premium and turn it over to the insurance company, less his commission.

But it is said that Carroll was not the agent of the insurance company in receiving the premium, because the policy contained the statement that "no person, unless duly authorized in writing, shall be deemed the agent of this company."   These words in the policy only apply to matters connected with the making of the contract.   Here the plaintiff insists that the contract was made and by reason thereof it became entitled to the premium.   To determine what arrangement was made as to the payment of the premium, therefore we have a right to look outside of the contract.   Hermann v. Niagara Fire Ins. Co., 100 N. Y. 411, 3 N. E. 341, 53 Am. Rep. 197; White v. Connecticut Fire Ins. Co., 120 Mass. 330.   In the Hermann Case there was a clause in the policy declaring that any person other than the assured procuring the policy should be deemed the agent of the assured, and not of the company in any transaction relating to the insurance, and it was held that this did not constitute such person a continuing agent or make notice to him, after the policy went into effect, binding upon the assured.   In the White Case the policy contained a similar provision, and that the insurance company should not be liable by virtue of the policy until the premium therefor had been actually paid. There the insured received from one Hunt the policy, and under an arrangement which he had with the insurance company he was to collect the premium.   When Hunt delivered the policy, the premium was not paid.   Subsequently the company notified Hunt it did not wish to take the risk, and thereafter a loss occurred.   It was held that a re-

covery could be had, notwithstanding the provision of the policy; the court saying:

"The provision in the policy making the person who procures the insurance 'the agent of the assured in all transactions relating to the insurance' cannot be construed to mean that such person shall be agent to receive notice of the termination of the insurance at any time during the life of the policy. It plainly refers to the original transaction connected with obtaining it."

Here whether Carroll, in accepting the premium, acted as the agent of the insurance company or of the defendant was a question of fact, to be determined by the trial court. Greenwich Ins. Co. v. Union Dredging Co., 14 Daly, 237. It having found that he was the agent of the insurance company and there being proof sufficient to sustain the finding, the judgment appealed from must be affirmed.

The determination of the Appellate Term is therefore affirmed, with costs. All concur, except INGRAHAM, J., who dissents.