indicated by the meter, his proportionate share of the rent or charge which should be assessed or imposed according to law by the city authorities upon the entire premises.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.

---

(112 App. Div. 451)

### BUCKLEY v. CITIZENS' INS. CO.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

1. INSURANCE—CANCELLATION—PROVISION IN POLICY—CONSTRUCTION.

Where one insured by a fire policy gave his note for the premium to an insurance agent, and the company charged the agent with the amount of the premium, which he thereafter paid, the premium was, as between the insured and insurer, actually paid, within a provision of the policy giving the insurer the right to cancel it on five days' notice, and providing that, in case the premium had been actually paid, the unearned portion should be returned on surrender of the policy.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 398.]

2. SAME.

Where a fire policy contained a provision giving the insurer the right to cancel it on five days' notice, provided that, in case the premium had been actually paid, the unearned portion should be returned on surrender of the policy, the insurer could not effect a cancellation without a return or tender of the unearned premium.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 510.]

3. SAME—SURRENDER OF POLICY.

Notice of the insurer in a fire policy to the insured that the policy was canceled, in accordance with a provision giving the insurer that right, but providing that the insured should be entitled to a return of the unearned premium, and the return by the insured of the policy on receiving the notice, did not amount to a cancellation by agreement, where the insured failed to return the unearned premium.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 504.]

Nash, J., dissenting.

Appeal from Trial Term, Oneida County.

Action by George Buckley against the Citizens' Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The following is the opinion of the referee:

On the 12th of April, 1903, the defendant issued and delivered to the plaintiff its policy of insurance, dated April 12, 1903, insuring the plaintiff's hotel for the term of one year against loss or damage by fire to the amount of $625. There was other insurance upon the building, the whole amounting to $2,500. On the 21st of June, 1903, the building was injured by fire to the amount of $53, and the amount chargeable to defendant was $13.25. There is no dispute as to this. On the night of the 5th–6th of July the building was totally destroyed by fire. There is no dispute about the amount of the loss. The claim of the defendant is that the policy was canceled and was not in force at the time of the fire. Becker & Co. of Little Falls, N. Y., were the agents of the defendant in the issuing of the policy. On the 23d of June, 1903, they mailed to the plaintiff, who then lived at Remsen, a notice signed by them, and dated June 20, 1903, stating that the policy, describing it, "is hereby canceled from and after five days of the date hereof," and requesting the plaintiff to return the policy to their office, when the unearned premium,

if any be due, would be returned to him pro rata. The notice also stated that it was given in pursuance of a condition of the policy which gave the insurance company the right to cancel the policy at any time by giving five days' notice of such cancellation, and provided that, in case the premium had been actually paid, the unearned portion should be returned on surrender of the policy; the company retaining only the pro rata premium. This notice was received by the plaintiff on the 23d or 24th of June. On or about the 26th of June, plaintiff mailed to Becker & Co. the policy, no letter or communication being sent with it. The unearned premium was not paid to the plaintiff before the fire, or at any time. The policy was returned by Becker & Co. to the defendant after the fire, and on July 7, 1903. Becker & Co. at the time of issuing the policy gave the plaintiff credit for the premium. Its amount, together with the premiums on policies in two other companies issued at the same time on the same property, was $97.51. The plaintiff also owed Becker & Co. $100 for premiums on policies on other property. In payment of these two items, the plaintiff, on or about May 20, 1903, gave to Becker & Co. his note for $197.50, dated May 20, 1903, payable three months after date to the order of Becker & Co. at the First National Bank of Remsen, with interest. Becker & Co., soon after receiving this note, indorsed it, and discounted it at a Little Falls bank, and received the proceeds thereof. The bank held the note until its maturity, when it was taken up by Becker & Co., and they still hold it. The $100 item seems to have been paid by plaintiff. It was the custom of Becker & Co., as agents of the defendant, to make daily reports to it of insurance placed in that company, and the premiums would be charged by defendant to Becker & Co., and periodically they had to make payment thereof to the company, whether they had collected them or not. It was their general custom to pay in 60 days. In case a policy was canceled, the agents would be credited with the unearned premium when the policy was actually sent to the company for cancellation. The premium on the policy in question was charged to Becker & Co. by the defendant in its April account. The full amount of this account was paid by Becker & Co. to defendant in August following. The defendant on the return to it of the policy credited them with the amount of the unearned premium, and this credit would appear in the July account, which would be subsequently paid.

As between the plaintiff and the defendant, the premium was, I think, actually paid, within the meaning of the policy. Battle v. Coit, 26 N. Y. 404, 406; Train v. Holland Ins. Co., 62 N. Y. 598, 602; White v. Conn. Ins. Co., 120 Mass. 330. If so, the defendant, in order to effect a cancellation under the notice, was bound to return or tender to the plaintiff the unearned premium. Tisdell v. New Hampshire Ins. Co., 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765. This was not done, and the policy was therefore in force at the time of the fire, unless there was prior to the fire a waiver by plaintiff of such return or tender.

Upon the part of the defendant, it is, in effect, suggested that the act of the plaintiff in mailing to Becker & Co. the policy after the receipt by plaintiff of the cancellation notice amounted to a cancellation by agreement. I think not. Presumptively, the return of the policy to Becker & Co. was in compliance with the request in the notice, in order to obtain the unearned premium, and was not an assent to a cancellation without the performance by Becker & Co. of what they expressly offered to do in the notice. No intent of that kind can properly be inferred. Becker & Company did not return the policy to the defendant until after the fire—a circumstance of some considerable significance, not only on the question of waiver, but also on the question whether, as testified by plaintiff, Becker & Co. at an interview on the 26th or 27th of June agreed to hold the policy in force until they replaced the insurance in some other company. They had commenced an effort in this line before any interview with plaintiff, and continued it after the interview above referred to. The plaintiff was not informed of the amount of the unearned premium until after the fire, and it is probable that until that time there was no definite offer of adjustment.

Waiver is said to be the voluntary relinquishment of a known right. Richards on Insurance (2d Ed.) § 63; 29 Am. & Eng. Cyc. Law (2d Ed.) p. 1091. The burden of proof rests upon the party who asserts it. It must, I think,

be said upon the evidence that the defendant has not established a waiver, and, if not, the policy was in force at the time of the fire, and the plaintiff is entitled to recover.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, NASH, and KRUSE, JJ.

McGuire & Wood, for appellant.
Van Auken & Rice, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion by MERWIN, Referee.

NASH, J. (dissenting). Conditions of the policy for its cancellation :

"This policy shall be canceled at any time at the request of the insured, or by the company, by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, * * * the premium having been actually paid, the unearned premium shall be returned on surrender of this policy; * * * this company retaining the customary short rate, except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

The notice of cancellation addressed to the plaintiff, after giving the requisite notice and reciting the cancellation clause of the policy, stated as follows:

"You are requested to return said policy to this office accordingly when the unearned premium, if any be due, will be returned to you pro rata, as provided in said condition.
     "[Signed]                             Becker & Co."

The notice was given June 20, 1903. Similar notices of cancellation of policies of the Westchester and Thuringia Insurance Companies were at the same time given by Becker & Co. to the plaintiff. Two or three days after receiving the notices by mail, the plaintiff mailed the three policies of insurance to Becker & Co. The plaintiff had obtained other insurance of Becker & Co. The bills for the premiums for the other insurance and upon these policies were rendered to the plaintiff, in settlement of which the plaintiff gave to Becker & Co. his promissory note for $197.50, dated May 20, 1903, payable three months after date to their order at First National Bank of Remsen, N. Y., with use. The note had been discounted at the time the notices of cancellation of the policies were given. It does not appear that the plaintiff had knowledge of this fact at the time of the return of the policies. The note was not paid at maturity, and was taken by Becker & Co. and produced upon the trial. It thus appears that at the time notice of the cancellation of defendant's policy was given to the plaintiff the premium had not been paid. The policy was valid as a contract of insurance, the company being bound by the credit given by its agent for the payment of the premium. But the premium had not been actually paid, which was the condition of the return of the unearned portion of the premium upon cancellation. Giving a promissory note is not payment. While it is held by the creditor and before maturity, the right of action upon the original consideration upon which it was received is suspended. It operates as a conditional payment. If transferred, and it remains in

the hands of the transferee before maturity, so long as it thus remains it operates as an absolute payment of the original consideration upon which it was taken. If the creditor, who takes the note, indorses it, and is charged as indorser, and takes it up, he is remitted to his original right of action either upon the original consideration or the note. Putnam v. Lewis, 8 Johns. 389; Burdick v. Green, 15 Johns. 247; Battle v. Coit, 26 N. Y. 404, 406, 407. When, therefore, the plaintiff received the notice of the cancellation of the policy, the premium not having been actually paid, he was not entitled to a return of the unearned portion of the premium in cash. Having returned the policy to Becker & Co. upon their request, he must be deemed to have assented to the cancellation thereof; relying upon the return of the unearned premium by application of the amount upon his indebtedness to Becker & Co.

The judgment should be reversed, and new trial granted.