HIRSCHBERG, P. J., HOOKER, GAYNOR and MILLER, JJ., concurred.

Judgment affirmed, with costs.

---

GEORGE BUCKLEY, Respondent, *v.* CITIZENS' INSURANCE COMPANY OF MISSOURI, Appellant.

Fourth Department, March 7, 1906.

*Fire insurance — policy called in, but unearned premium not repaid by agent — when insurer liable for subsequent loss — when insurer bound by act of agent.*

When a fire insurance agent gives credit to the insured and according to a custom is charged by the insurance company with the premiums due, whether paid by the insured or not, and is credited with unearned premiums on policies sent in for cancellation, a policy issued by such agent on credit binds the insurance company.

So, too, when after a partial loss by fire the policy is called in by said agent for cancellation pursuant to one of its provisions, and the unearned premium on said policy, though never paid to the insured by the agent, was credited to the agent by the insurer, the policy remains in force and the insurer is liable thereunder on a subsequent destruction of the buildings by fire.

The act of the insured in delivering up the policy for cancellation on demand is not a voluntary cancellation thereof.

NASH, J., dissented, with opinion.

APPEAL by the defendant, the Citizens' Insurance Company of Missouri, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Oneida on the 30th day of October, 1905, upon the report of a referee.

*Hiram R. Wood,* for the appellant.

*Edward C. Rice,* for the respondent.

Judgment affirmed, with costs, on opinion by MERWIN, referee.

All concurred, except NASH, J., who dissented, in an opinion.

The following is the opinion of the referee:

MERWIN, Referee:

On the 12th of April, 1903, the defendant issued and delivered to the plaintiff its policy of insurance, dated April 12, 1903, insuring the plaintiff's hotel for the term of one year against loss or damage by fire to the amount of $625. There was other insurance upon the building, the whole amounting to $2,500.

On the 21st of June, 1903, the building was injured by fire to the amount of $53, and the amount chargeable to defendant was $13.25. There is no dispute as to this.

On the night of the fifth and sixth of July the building was totally destroyed by fire. There is no dispute about the amount of the loss. The claim of the defendant is that the policy was canceled and was not in force at the time of the fire.

Becker & Co. of Little Falls, N. Y., were the agents of the defendant in the issuing of the policy. On the 23d of June, 1903, they mailed to the plaintiff, who then lived at Remsen, N. Y., a notice signed by them and dated June 20, 1903, stating that the policy, describing it, " is hereby canceled from and after five days of the date hereof," and requesting the plaintiff to return the policy to their office when the unearned premium, if any be due, would be returned to him *pro rata.* The notice also stated that it was given in pursuance of a condition of the policy which gave the insurance company the right to cancel the policy at any time by giving five days' notice of such cancellation and provided that in case the premium had been actually paid the unearned portion should be returned on surrender of the policy, the company retaining only the *pro rata* premium.

This notice was received by the plaintiff on the twenty-third or

twenty-fourth of June. On or about the twenty-sixth of June plaintiff mailed to Becker & Co. the policy, no letter or communication being sent with it. The unearned premium was not paid to the plaintiff before the fire, or at any time. The policy was returned by Becker & Co. to the defendant after the fire, and on July 7, 1903.

Becker & Co. at the time of issuing the policy gave the plaintiff credit for the premium. Its amount, together with the premiums on policies in two other companies issued at the same time on the same property, was $97.51. The plaintiff also owed Becker & Co. $100 for premiums on policies on other property. In payment of these two items the plaintiff on or about May 20, 1903, gave to Becker & Co. his note for $197.50, dated May 20, 1903, payable three months after date to the order of Becker & Co. at the First National Bank of Remsen, with interest. Becker & Co. soon after receiving this note, indorsed it and discounted it at a Little Falls bank, and received the proceeds thereof. The bank held the note until its maturity, when it was taken up by Becker & Co., and they still hold it. The $100 item seems to have been paid by plaintiff.

It was the custom of Becker & Co., as agents of the defendant to make daily reports to it of insurance placed in that company, and the premiums would be charged by defendant to Becker & Co., and periodically they had to make payment thereof to the company, whether they had collected them or not. It was their general custom to pay in sixty days. In case a policy was canceled, the agents would be credited with the unearned premium when the policy was actually sent to the company for cancellation.

The premium on the policy in question was charged to Becker & Co. by the defendant in its April account. The full amount of this account was paid by Becker & Co. to defendant in August following. The defendant on the return to it of the policy credited them with the amount of the unearned premium and this credit would appear in the July account which would be subsequently paid.

As between the plaintiff and the defendant the premium was, I think, actually paid within the meaning of the policy. (*Battle* v. *Coit*, 26 N. Y. 404, 406; *Train* v. *Holland Purchase Ins. Co.*, 62 id. 598, 602; *White* v. *Connecticut Ins. Co.*, 120 Mass. 330.)

If so, the defendant, in order to effect a cancellation under the notice, was bound to return or tender to the plaintiff the unearned

premium.   (*Tisdell* v. *New Hampshire Ins. Co.*, 155 N. Y. 163.)
This was not done, and the policy was, therefore, in force at the
time of the fire unless there was prior to the fire a waiver by plaintiff
of such return or tender.

Upon the part of the defendant, it is in effect suggested that the
act of the plaintiff in mailing to Becker & Co. the policy after the
receipt by plaintiff of the cancellation notice, amounted to a cancel-
lation by agreement.   I think not.   Presumptively the return of the
policy to Becker & Co. was in compliance with the request in the
notice, in order to obtain the unearned premium, and was not an
assent to a cancellation without the performance by Becker & Co.
of what they expressly offered to do in the notice.   No intent of
that kind can properly be inferred.

Becker & Co. did not return the policy to the defendant until
after the fire, a circumstance of some considerable significance not
only on the question of waiver, but also on the question whether,
as testified by plaintiff, Becker & Co., at an interview on the
twenty-sixth or twenty-seventh day of June, agreed to hold the
policy in force until they replaced the insurance in some other com-
pany.   They had commenced an effort in this line before any inter-
view with plaintiff, and continued it after the interview above
referred to.   The plaintiff was not informed of the amount of the
unearned premium until after the fire, and it is probable that until
that time there was no definite offer of adjustment.

Waiver is said to be the voluntary relinquishment of a known
right.   (Richards Ins. [2d ed.] § 63; 29 Am. & Eng. Ency. of Law
[2d ed.], 1091.)   The burden of proof rests upon the party who
asserts it.

It must, I think, be said upon the evidence that the defendant
has not established a waiver, and if not the policy was in force at
the time of the fire, and the plaintiff is entitled to recover.

NASH, J. (dissenting):

Conditions of the policy for its cancellation: "This policy shall
be canceled at any time at the request of the insured, or by the
company, by giving five days' notice of such cancellation.   If this
policy shall be canceled as hereinbefore provided,   *   *   *   the
premium having been actually paid, the unearned portion shall be

returned on surrender of this policy, * * * this company retaining the customary short rate, except that when this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium."

The notice of cancellation addressed to the plaintiff, after giving the requisite notice and reciting the cancellation clause of the policy, stated as follows:

" You are requested to return said policy to this office accordingly, when the unearned premium, if any, be due, will be returned to you *pro rata*, as provided in said condition. * * *
                    "(Signed)   BECKER & CO."

The notice was given June 20, 1903. Similar notices of cancellation of policies of the Westchester and Thuringia Insurance Companies were at the same time given by Becker & Co. to the plaintiff. Two or three days after receiving the notices by mail the plaintiff mailed the three policies of insurance to Becker & Co.

The plaintiff had obtained other insurance of Becker & Co. The bills for the premiums for the other insurance and upon these policies were rendered to the plaintiff, in settlement of which the plaintiff gave to Becker & Co. his promissory note for $197.50, dated May 20, 1903, payable three months after date to their order at First National Bank of Remsen, N. Y., with use.

The note had been discounted at the time the notices of cancellation of the policies were given. It does not appear that the plaintiff had knowledge of this fact at the time of the return of the policies. The note was not paid at maturity, and was taken up by Becker & Co. and produced upon the trial.

It thus appears that at the time notice of cancellation of defendant's policy was given to the plaintiff the premium had not been paid. The policy was valid as a contract of insurance, the company being bound by the credit given by its agents for the payment of the premium. But the premium had not been actually paid, which was the condition of the return of the unearned portion of the premium upon cancellation. Giving a promissory note is not payment. While it is held by the creditor and before maturity, the right of action upon the original consideration upon which it was received is suspended. It operates as a conditional payment. If it is

First Department, April, 1906. [Vol. 112.

transferred and remains in the hands of the transferee after maturity, so long as it thus remains it operates as an absolute payment of the original consideration upon which it was taken. If the creditor, who takes the note, indorses it and is charged as indorser, and takes it up, he is remitted to his original right of action, either upon the original consideration or the note. (*Putnam* v. *Lewis*, 8 Johns. 389; *Burdick* v. *Green*, 15 id. 247; *Battle* v. *Coit*, 26 N. Y. 404, 406, 407.)

When, therefore, the plaintiff received the notice of the cancellation of the policy, the premium not having been actually paid, he was not entitled to a return of the unearned portion of the premium in cash. Having returned the policy to Becker & Co. upon their request, he must be deemed to have assented to the cancellation thereof, relying upon the return of the unearned premium by application of the amount upon his indebtedness to Becker & Co.

The judgment should be reversed and new trial granted.