**TRANSPORTATION INSURANCE COMPANY, Defendant, Appellant,**

v.

**Solomon DAVID, Plaintiff, Appellee.**

**No. 6188.**

United States Court of Appeals
First Circuit.

Dec. 3, 1963.

---

Shane Devine, Manchester, N. H., with whom Devine, Millimet, McDonough, Stahl & Branch, Manchester, N. H., was on brief, for appellant.

Philip J. Ganem, Wolfeboro, N. H., with whom James J. Kalled, Wolfeboro, N. H., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The defendant, an Illinois corporation, upon being sued in the New Hampshire Superior court on a policy of accident and health insurance issued to a local resident, removed the action to the district court, where a jury found against it. The only question on its appeal is whether the court should have directed a verdict in its favor on the ground that the policy was not in force at the time that the insured became ill.

The application for the policy contained the following questions and answers:

"8. Have you to the best of your knowledge and belief ever had abnormal blood pressure, . . [and various other itemized illnesses and diseases] ? . . . No.

"9. When and for what injury or sickness have you been under observation or had medical or surgical advice or treatment or been hospital confined during the past 5 years? . . . None

"10. To the best of your knowledge and belief are you now in good health and free from physical impairment or deformity? . . . Yes

For some reason that we cannot understand the defendant argues that "the substantive law in New Hampshire follows the 'actual good health' doctrine." This is true, Perkins v. John Hancock Mut. Life Ins. Co., 1956, 100 N.H. 383, 128 A.2d 207, but neither in the body of the policy, nor in the application, is there any provision relating to actual good health, or providing that the truth of any answer in fact, as opposed to truth in knowledge and belief, was a condition precedent to the attachment of the risk. Defendant's argument is irrelevant. Next, it asserts that in New Hampshire a false statement as to medical history affects the acceptance of the risk as matter of law. While this may also be so, the short answer is that while there was evidence that the insured had once been treated for hypertension, there was also evidence that he had not been. The burden of proving the falsity of a representation is upon the insurer and there could be no question of directing a verdict.

Next, the defendant argues that the insured had failed to maintain the premiums. As to this the evidence, uncontradicted (but which the court carefully instructed the jury must be believed if plaintiff was to recover) was that the defendant's then general agent, one Skeean, had authority to receive renewal premiums either in currency or by check; that as to the premiums in question, in the amount of $42, the insured tendered payment in good faith to Skeean by check and that Skeean displaying a sum of money to the insured, replied that if, instead, the insured would credit his overdue grocery account with $50 he would "take care of" the premium and give the insured the $8 balance in cash; that the insured agreed and thereupon received the $8, but that Skeean never remitted to the company. The defendant alleges that this transaction did not constitute payment, citing Hutcheson & Co. v. Provi-

dence-Washington Ins. Co., Mo.App.1960, 341 S.W.2d 142; Kahn v. Philadelphia Fire & Marine Ins. Co., Mo.App.1937, 108 S.W.2d 457; Turner v. Supreme Lodge, K.P., 1933, 166 Okl. 286, 27 P.2d 612, 93 A.L.R. 647; Centanni v. Southern Life & Health Ins. Co., La.App.1936, 165 So. 330.

All except perhaps the first of these cases are distinguishable. We are not confronted with a situation where an insured simply gave the agent groceries or other property instead of cash. Here the insured made a tender precisely in the fashion prescribed by the company. The defendant admits, as it must, that if Skeean had accepted the tender and then immediately satisfied his current indebtedness the premium would have been paid. Thus the only difference is that the tender or other money did not pass back and forth. An insured could not be expected to draw such a fine distinction, and, we think, neither would the New Hampshire courts. Cf. Norwalk Tire & Rubber Co. v. Manufacturers' Cas. Ins. Co., 1929, 109 Conn. 609, 145 A. 44; Kerlin v. National Acc. Ass'n, 1894, 8 Ind.App. 628, 35 N.E. 39, 36 N.E. 156; Wooddy v. Old Dominion Ins. Co., 1879, 72 Va. (31 Grat.) 362, 369.

Judgment will be entered affirming the judgment of the District Court.