By the Court.

To strip the reports of all adventitious circum *438 stances, the case may be correctly stated thus: — A merchant in the United States consigns his ship to his correspondent in Ireland, directs him to procure insurance, and draws a bill of exchange on him payable in London; the bill is accepted by the correspondent in the usual course of his business; before it arrives at matu rity, he purchases and remits exchange to reimburse the house in London for their payment of the bill; the bills thus remitted do not fall due in season for the acceptance, and before their maturity the parties to them become bankrupt. And the question is, Upon whom Shall this loss fall ?
It has been argued for the plaintiffs that, as they were acting as the agents of the defendant, they are not to suffer the loss sustained by the bankruptcy.
But the question of agency is not applicable to this case. The acceptor does not act as the agent of the drawer of a bill of exchange. He accepts on his own terms, and to suit his own convenience. Indeed, we do not find a dictum in the books showing that the acceptor is to be considered as the agent of the drawer ;• or that the drawer is liable for a loss of meeting the acceptance, unless by force of a special agreement on his part to answer for such loss.
In the case before us, it is apparent that the plaintiffs did not consider themselves as agents. On the 2d of May, 1801, they make the following charge against the defendant, “ to our remittance to H. &f J. Johnson &f Co. to * pay our acceptance of Hicks &f Post’s bill on me by your order: ” this was a charge of an actual payment.
On the whole, it appears to us quite immaterial in what manner funds were placed in London to meet the acceptance. Whether it was effected at a profit or a loss to the plaintiffs, was no concern of the defendant, and he cannot be liable for the result.

Judgment on the verdict.