## CARLE *vs.* WHITE.

In an action by the payee against the drawer of a bill not accepted, the declarations of the drawee, made at the time of presenting the bill, that he had no funds of the drawer in his hands, are not admissible in evidence ; the drawee, in such case, not being the agent of the drawer.

THIS action was *assumpsit*, on an order for fifteen hundred feet of boards, drawn by the defendant, on one *Estes*, in favor of the plaintiff, and not accepted. At the trial in the court below, to excuse the want of notice to the defendant of the dishonor of the draft, the plaintiff offered to prove the declarations of *Estes*, made at the time when it was presented to him for acceptance, that he had no funds of the defendant's in his hands. To the admission of this evidence the defendant objected ; and it was rejected and the plaintiff nonsuited by *Whitman*, *C. J.* before whom the cause was tried. Whereupon the plaintiff filed a bill of exceptions, pursuant to the statute.

*Chandler*, for the plaintiff.

*Greenleaf*, for the defendant.

PARRIS J. delivered the opinion of the court.

Carle *v.* White.

It is an implied condition in every bill, whether inland or foreign, that until it has been presented to the drawee for acceptance or payment, and notice of refusal been given to the drawer, he is not to be charged. The legal presumption is that the drawer has funds in the hands of the drawee. The holder, by taking the bill, virtually engages to present it and withdraw the funds, and, in case it be dishonored, to give timely notice to the drawer that he may take measures necessary for his own security.

Until the case of *Bickerdike v. Bollman*, 1. T. R. 405, it was a general rule strictly adhered to, that, without such notice, the drawer would in no event be liable. Since that case, the rule has been relaxed, and want of notice has been excused where the drawer had no effects, nor any ground to expect any in the hands of the drawee from the time the bill was drawn until it became payable, and where he had no other valid foundation to expect payment by the drawee. But as this is an exception to a general rule, it is incumbent on him, who would bring his case within the exception, to prove the facts necessary for that purpose. The drawer remains secure from any action on his dishonored bill until it is proved that he had seasonable notice of the dishonor, or that such notice was unnecessary by reason of his having no funds in the hands of the drawee. It is not sufficient for the holder to say to the drawer, you had no effects in the drawee's hands wherewith to meet your bill, and therefore, you are not entitled to notice of its dishonor. The allegation must be proved by him, who makes it or it avails him nothing. 2 *Stark. Ev.* 261, *note* 1. Like every other fact, it must be established by competent proof and the best the nature of the case admits of. In this case the plaintiff relies upon the declarations of the drawee made at the time the order was presented, that when the order was drawn, and from thence until the time of its presentment and dishonor he had not in his hands any funds of the drawer, and had not received from him any consideration for the acceptance or payment of said order; and he contends that proof of this declaration is such evidence as will excuse him from giving notice to the drawer; and 2 *Stark. Ev.* 262, is cited as authority for this position.

14

*Starkie* does say that the declarations of the drawee, when the bill is presented, as to want of effects of the drawer in his hands, is evidence of the fact, because he is for that purpose the agent of the drawer ; but a subsequent declaration is not admissible, and he refers to *Prideaux v. Collier,* 2 *Stark. cases,* 57, as the authority on which he relies.

It is difficult to perceive how that case can be considered as supporting *Starkie's* text. The action was on a bill of exchange by the indorsee against the drawer. Before the bill became due, application was made by the holder to the drawees, and the answer was that the drawer then had no effects in their hands ; but as the bill would not be due until the next day, it was probable that the drawer would be in and provide effects before that time. On the next day, when the bill became due, the drawer, in a conversation with the holder, said that he hoped the bill would be paid, that he would see what he could do, and would endeavor to provide effects, and would see the holder again. The bill was not presented to the drawees on the day it became due, but was on the day following, and the witness was about to state what passed between the drawees and himself on that occasion. But Lord *Ellenborough* held that he could not, as " what passed between the drawee and holder after the bill had become due was not evidence, since he was no longer to be considered as the agent of the indorser." It is not easy to understand what is meant by the concluding part of the sentence ; but the turning point of the case was not whether the drawees had funds, but whether the necessity of a presentment on the day the bill became due was superseded by what the drawer said to the holder on that day ; and whether what took place on the day previous to the maturity of the bill amounted to a presentment and refusal to accept. And if, as the court decided, it did not, unquestionably what took place between the holder and drawees on the day after the bill became due could not affect the drawer. Lord *Ellenborough,* therefore, nonsuited the plaintiff, at the same time saying, " the evidence shows that it was not likely that the drawees would accept the bill, but it was possible that they might change

Carle *v.* White.

their minds. The drawer is liable upon the default of the drawee, of which he must have notice, that default is a condition precedent; and it does not appear in this case that there was a default on the part of the drawee." It is not said that the drawee is the agent of the drawer; and it is manifest that the declarations of the drawees made on the first application of the holder were admitted as evidence tending to prove that they refused to accept the bill, and for that purpose were clearly admissible; and that the subsequent declarations were rejected because a refusal to accept and pay on the presentment of the bill the day after it became due could not prejudice the drawer, and proof of the fact would consequently be irrelevant.

It was said by *Abbott, C. J.* in *Hill v. Heap, Dowl. & Ryl. N. P. cas.* 57, that the conduct of the drawer formed no excuse for the nonpresentment for payment in *Prideaux v. Collier,* and that such was the decision of Lord *Ellenborough* in that case. *Starkie,* in his treatise on evidence, before cited, gives as the reason why the mere declaration of the drawee is evidence; because he is for that purpose the agent of the drawer; that is, he is the agent for the purpose of declaring that he has no funds in his hands. What constituted him the agent? Not entrusting him with funds, for he has none; not requesting him to perform a service, and a compliance on his part, for he refuses. If a person requests another to do a particular act and the latter does it, he may, in doing that act, be considered as the agent of the former, but if he refuse to do it, he refuses not as agent, but refuses to become the agent. The act of refusal is his own. Follow out the consequences of this doctrine of agency of the drawee and the effect of his declarations and to what will it lead? Where the fact of agency has been proved, the act of the agent co-extensive with the authority, is the act of the principal, whose mere instrument he is; and then, whatever the agent says, within the scope of his authority, the principal says; and evidence may be given of such acts and declarations as if they had been actually done and made by the principal himself; and it makes no difference whether the declarations be true or false, for they

are as binding upon the principal as if they had been actually made by him.  2 *Stark. Ev.* 59.

A merchant, having ample funds in the hands of his correspondent, draws upon him, with confident expectation that his draft will be duly honored.  On presentment the bills are dishonored, the drawee declaring that he had no funds of the drawer in his hands. Now if "the declarations of the drawee as to the want of effects of the drawer in his hands is evidence of the fact, because he is for that purpose the agent of the drawer," in what situation is the latter placed ?  Can it be that he is so bound by this declaration as not to be entitled to notice of the dishonor of his bills ; and that his liability to the holder is so fixed by this falsehood that the latter may lie by securely, without giving notice, until the drawee has become worthless, and the drawer remediless ?  Such consequences must follow, if the drawee, in asserting the want of effects, acts as the agent of the drawer.

But the drawee has no such power.  Whatever declarations he makes on the presentment of the bill, he makes as his own, and not as the instrument of another, and, of course, it will not be evidence. He may be a witness to prove the fact, but his mere assertion, not under oath, cannot be proof.  2 *Stark. Ev.* 59.

Lord *Ellenborough*, who sat at *nisi prius*, in the trial of *Prideaux v. Collier*, says, in giving an opinion in *Legge v. Thorpe*, 12 *East.* 176, " it has often happened to me to be obliged to take an account between the parties, in order to see whether there were any and what funds, or more properly speaking whether the drawer had probable funds left in the drawee's hands to answer the bill."  But if the drawee is to be considered the agent of the drawer, and his declarations the declarations of the drawer, there could be no necessity for taking an account between the drawer and drawee to ascertain whether there were any funds, as proof of the denial by the latter would be sufficient, without notice, to fix the liability of the former.

It is believed that no case is to be found where such evidence has been received.  In *Bickerdike v. Bollman,* the fact of want of

funds was agreed. *Buller J.* says, "if it be proved, on the part of the plaintiff, that from the time the bill was drawn, till the time it became due, the drawer never had any effects of the drawee in his hands, I think notice to the drawer is not necessary, for he must know whether he had effects in the hands of the drawer or not, and if he had none, he had no right to draw upon him and to expect payment from him." In *Rogers v. Stephens*, 2 *T. R.* 713, Lord *Kenyon* says, "it is true, generally speaking, that notice of non-payment should be given to the drawer, in order that he may withdraw his effects out of the hands of the drawee; but it has been long established that the want of effects in the hands of the person on whom the bill is drawn discharges the holder of the bill from the common formalities; because the drawer must know that he had no right to draw on the drawee.—To be sure it would not be a sufficient excuse for the drawee to say that he had no effects belonging to the drawer in his hands; but in this case it was proved that in point of fact, he had none." In *Walwyn v. St. Quintin*, 2 *Esp. cas.* 515, the plaintiff relied on the testimony of *Deane*, the drawee, to prove want of drawer's effects in his hands. In *Legge v. Thorpe*, before cited, *Wyatt*, the drawee, was used as a witness to prove want of effects; and in no case is there to be found an intimation that the declarations of the drawee were received. It was said by the court in *Forbes v. Eldridge*, 9 *Mass.* 497, that the "question of agency is not applicable to the case. The acceptor does not act as the agent of the drawer of a bill of exchange. He accepts on his own terms and to suit his own convenience. Indeed we do not find a *dictum* in the books, showing that the acceptor is to be considered as the agent of the drawer." If the acceptor be not agent, much less can the drawee be such who refuses to accept. The drawee is a competent witness to prove that he had no effects in his hands when the bill was drawn, and it is a sound principle, that the sayings and declarations of one, who is a competent witness in a cause, are not to be admitted in evidence to charge another; upon the general ground, that they are but hearsay evidence, and are not the best evidence, which the nature of the case affords. *Baker v. Briggs*, 8 *Pick.* 122.

Carle *v.* White.

This is a general principle, to which there may be some exceptions, such as that mentioned by *Starkie,* that an admission by the owner is sometimes evidence against one who claims title through him." 2 *Stark. Ev.* 48—and similar cases. *Pocock v. Billings, Ry. & Moody,* 127 ; *Hale v. Smith,* 6 *Greenl.* 416. But the case at bar is not that of an admission by an owner, or a declaration by a person interested, against himself ; but of the declaration of a person in his own favor.

We think the decision of the court below was correct, and the exceptions are accordingly overruled and the nonsuit confirmed.