JOHN MAZUKIEWICZ, Respondent, *v.* THE HANOVER NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

Second Department, June 25, 1924.

Banks and banking — action to recover on drafts for Russian rubles purchased by plaintiff in 1914 — defendant had no funds with drawee — plaintiff excused under Negotiable Instruments Law, § 185, subds. 4 and 5, from giving notice of protest or dishonor — immaterial whether or not payment of drafts was stopped — Statute of Limitations no defense.

In an action to recover on drafts for Russian rubles purchased by the plaintiff from the defendant in 1914, the plaintiff is excused from failing to give notice of protest or dishonor under subdivisions 4 and 5 of section 185 of the Negotiable Instruments Law upon the refusal of the drawee to pay the drafts, since it appears that the defendant had no account with the persons upon whom the drafts were drawn; it is immaterial whether or not the defendant stopped payment of the drafts.

Motion by the defendant to amend its answer to plead the Statute of Limitations was properly denied by the trial court.

APPEAL by the defendant, The Hanover National Bank of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of January, 1924, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day of January, 1924, denying the defendant's motion for a new trial made upon the minutes.

Plaintiff on June 6 and 7, 1914, purchased from the defendant two drafts, one for 10,000 rubles and the other 5,000 rubles, payable at Gehruder Szarkanski, in Lomza, Russia, for which he paid $7,725. The original drafts were mailed by the plaintiff to his father at Ripchisnia, Poland. Plaintiff arrived at Ripchisnia after the World War had broken out and in consequence was unable to procure the drafts from the post office until October, 1914.

Shortly thereafter he presented them for payment to the parties upon whom they were drawn. Payment was refused. Plaintiff did not return to this country until April, 1921, because of lack of funds, and when he presented the drafts to the defendant at that time the defendant refused to pay them.

The defendant introduced testimony in reference to the method of transacting the business of foreign exchange, but it is a fact that the defendant had no account with the persons upon whom the draft was drawn.

*Percy S. Dudley*, for the appellant.

*Robert S. Sloan* [*Joseph M. Sullivan* with him on the brief], for the respondent.

RICH, J.:

It was conceded that the plaintiff had given no notice of protest or dishonor to the defendant, and the sole question raised by this appeal relates to whether or not, under the circumstances disclosed by this record, the plaintiff is excused from failing to give such notice. (Neg. Inst. Law, § 185, subds. 4, 5.) There was some proof introduced tending to show that payment of the drafts had been stopped by defendant, but the learned trial court has correctly found that whether or not payment was stopped upon the drafts is immaterial in view of the fact that the defendant had no funds on deposit with the drawee. The appellant contends that the true criterion of the right to require due demand or notice of dishonor is not whether the drawer had funds in the drawee's hands, but whether or not the drawer had a right to *expect* or *require* that the drawee would honor his bill. A considerable number of English cases, and Daniels on Negotiable Instruments (6th ed. 1913, § 1073) are cited in support of this proposition. It is, however, clear that the defendant had no funds on deposit with the drawee, and under the circumstances it had no right to *require* the drawee to pay the drafts. The question of the admissibility of plaintiff's testimony concerning what the drawee had said, it is unnecessary, under the circumstances, to consider. The contention that the trial court erred in denying defendant's motion to amend its answer to plead the Statute of Limitations is sufficiently answered by the decision of this court on the appeal from the order denying a similar motion. (202 App. Div. 821.)

It follows that the judgment and order must be affirmed, with costs.

Present — KELLY, P. J., RICH, MANNING, YOUNG and KAPPER, JJ.

Judgment and order unanimously affirmed, with costs.