FRANCIS M. FERRARI, Respondent, v. FIRST NATIONAL BANK OF CONNELLSVILLE, PENNSYLVANIA, Appellant.

**Banks and banking — bills notes and checks — negotiable instruments — foreign credit — establishment of credit need not be effected directly by small bank nor continue for all time — unreasonable delay in presentation of foreign drafts — funds not withdrawn by bank "through its agent" when withdrawn by trustee in bankruptcy of agent — delay in presentation of drafts excused if induced by representations of drawer that promptness was unnecessary.**

1. The establishment of a credit in a foreign country need not be effected directly by a small local bank nor need the credit, once established, continue for all time. An intermediary may be employed and if the conduct of the bank is in accord with the ordinary course of business, it performs its full duty.

2. In the absence of some agreement between the drawer and the payee by which the latter was induced to delay presentation of foreign drafts for payment, an interval of nine or eleven months between the issuance of the drafts and their presentation must be held, as matter of law, to constitute an unreasonable delay and a loss resulting therefrom should fall upon the one responsible for the fault. (Neg. Inst. Law, § 322; Cons. Laws, ch. 38.)

3. In an action to recover an amount paid for the establishment of a foreign credit an argument that defendant, "through its agent," withdrew the funds from the bank on which the drafts were drawn, cannot be sustained, where it appears that the money was withdrawn by the trustee in bankruptcy of the said "agent." The funds wer⁀

withdrawn by operation of the law as represented by the court and trustee and defendant cannot be held responsible therefor.

4. If the fact should be found that representations were made by the defendant to the holders of the drafts, by reason of which they were induced to believe that promptness was unnecessary, delay in presentation until after the funds had been withdrawn by order of the court could not be deemed unreasonable within the intent of section 322 of the Negotiable Instruments Law.

*Ferrari* v. *First Nat. Bank of Connellsville,* 219 App. Div. 817, reversed.

(Argued October 19, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 31, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Harold Nathan, John B. Doyle, Mortimer Brenner* and *Chester Rohrlich* for appellant. The checks were not presented within a reasonable time, and the drawer, having shown that the delay caused the loss of the funds paid out for the purpose of meeting the checks, was discharged from liability. (*Mazukiewicz* v. *Hanover Nat. Bank,* 240 N. Y. 317; *Commercial Nat. Bank* v. *Zimmerman,* 185 N. Y. 210; *Conroy* v. *Warren,* 3 Johns. Cas. 259; *Keith* v. *Mackey,* 5 Rob. [La.] 277; *Cory* v. *Scott,* 3 B. & Ald. 619; *Mohawk Bank* v. *Broderick,* 10 Wend. 303; *Commercial Bank* v. *Hughes,* 17 Wend. 94; *Harker* v. *Anderson,* 21 Wend. 372; *French* v. *Bank of Columbia,* 4 Cranch, 141; *Dickins* v. *Beal,* 10 Pet. 572; *Robinson* v. *Ames,* 20 Johns. 146.) The withdrawal of the funds by the trustee in bankruptcy was not the equivalent of withdrawal by the drawer. (*Hermann* v. *Niagara Fire Ins. Co.,* 100 N. Y. 411; *Lamkin* v. *Rosenthal,* 5 App. Div. 532; *Metropolitan Aluminum Mfg. Co.* v. *Lau,* 61 Misc. Rep. 105; *Walker* v. *State Trust Co.,* 40 App. Div. 55; *Goodloe* v. *Fidelity Bank,* 183 N. C. 315; *Heath* v. *New Bedford, etc., Trust Co.,* 184 Mass. 481; *McKey* v. *Clark,*

233 Fed. Rep. 928; *Audenried* v. *Battele*, 90 Mass. 302; *Cushman* v. *Snow*, 186 Mass. 169; *Matter of Wright*, 16 Am. Bank. Rep. 778; *Matter of Wright*, 151 Fed. Rep. 361; 157 Fed. Rep. 544; *Robinson* v. *Lancaster Foundry Co.*, 136 Atl. Rep. 58; *Matter of Gubelman*, 13 Fed. Rep. [2d] 732.) The defendant was discharged by reason of the unexcused delay in protesting the checks. (*Casper* v. *Kulne*, 79 Misc. Rep. 411; *Auerbach* v. *Barrett*, 214 App. Div. 279; *Gerding* v. *Haskin*, 141 N. Y. 514; *Kennedy* v. *Rolfe*, 174 App. Div. 10.)

*A. S. Cutler* and *David L. Weissman* for respondent. The delay in presentment for payment did not discharge the drawer, because the delay did not cause the loss. (*Carroll* v. *Sweet*, 128 N. Y. 19; *Baldwin's Bank* v. *Smith*, 215 N. Y. 76; *Cutler* v. *American Exchange National Bank*, 113 N. Y. 593; *Andrus* v. *Bradley*, 102 Fed. Rep. 54; 107 Fed. Rep. 196; *Moscowitz* v. *Deutsch*, 46 Misc. Rep. 603; *Vitale* v. *Le Petit Paris*, 192 N. Y. Supp. 825; *Springer* v. *Erdman*, 210 N. Y. Supp. 244; *Harbeck* v. *Craft*, 4 Duer, 122; *Steward* v. *Smith*, 17 Ohio St. 82; 2 Daniel on Neg. Inst. § 1589.)

O'BRIEN, J. The complaint alleges that defendant agreed with plaintiff's assignors to establish a credit with the Banca Commerciale Italiana of Rome, amounting to 38,000 lire, that defendant failed, neglected and refused to establish any credit with that bank and, because no such credit had ever been established, that drafts amounting to 38,000 lire issued by defendant to plaintiff's assignors were dishonored and payment refused.

By stipulation at the trial and by evidence, certain facts were proved. On September 5, 1922, plaintiff's assignors paid $1,672 to defendant and received in return four checks on the Banca Commerciale aggregating 38,000 lire. On September 8 defendant deposited $1,661.55 with Knauth, Nachod & Kuhne at New York for the purpose of paying the four checks on presentation and

on the same day Knauth, Nachod & Kuhne notified the Banca Commerciale to pay the checks on presentation and to debit their account in the amount of the checks. From September 8, 1922, until June 8, 1923, that firm had a credit balance with the Banca Commerciale in excess of all its outstanding debits. It was engaged on a large scale in international banking, exchange and import and export financing. Its main office in the United States was at New York and it had branches in Philadelphia, Chicago, Detroit, Pittsburg and Cincinnati. The extent of its business may be gauged by the fact that its foreign exchange transactions with inland correspondents in this country amounted to $100,000 per business day. On June 8, 1923, a petition in bankruptcy was filed against it and on August 23, 1923, the trustee, acting pursuant to an order of a United States district judge, directed that all balances to its credit in foreign banks, including the Banca Commerciale, be withdrawn and placed in the general funds of the trustee. In compliance with such order and direction the 38,000 lire was withdrawn and returned to the trustee in bankruptcy. On April 2, 1924, after such withdrawal, defendant's four checks were presented by plaintiff for payment at the bank in Rome and payment was refused for the reason that there were no funds to meet them.

The basis of this action is the alleged failure by defendant to establish a credit with the Banca Commerciale. The allegations of the complaint are disproved by the concessions and by the evidence. Incontestably defendant did establish a credit with the Banca Commerciale. Such a transaction need not be effected directly by a small local bank nor need the credit, once established, continue for all time. An intermediary may be employed. If defendant's conduct accorded with the ordinary course of business, it performed its full duty. (*Mazukiewicz* v. *Hanover National Bank,* 240 N. Y. 317, 322.) Plaintiff does not show that this inland bank

in a small Pennsylvania town had foreign correspondents or that other institutions of similar character were accustomed to employ any other process to send money to Europe.   Defendant was bound to establish a credit. This it did.   It had no right to withdraw the credit. It never did withdraw it.   The withdrawal was accomplished by a third party acting under an order of the United States District Court.   To hold that defendant's recourse to the facilities afforded by an organization whose business consisted in large measure in the establishment of foreign credits falls short of its obligations to its customers, would impose upon all the smaller banking institutions of this country a liability approaching that of an insurer.   If defendant had a right to expect that these checks would be paid when presented, under ordinary circumstances, that would be sufficient. (*Mazukiewicz* v. *Hanover National Bank, supra.*)

The more specific question is whether failure by plaintiff's assignors to present the checks for payment during the time extending from September 8, 1922, to August 23, 1923, places the loss upon the payee or the drawer.   In the absence of some agreement between the drawer and the payee by which the payee may be induced to delay presentation, an interval of eleven months or even nine months must be held, as matter of law, to constitute an unreasonable delay.   Section 322, Negotiable Instruments Law (Cons. Laws, ch. 38), provides: " A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."   What was the loss, if any, caused by the delay?   The loss, of course, was 38,000 lire, but was it caused by the delay in presenting the checks for payment or by some other event? That it resulted from delay seems perfectly clear.   The funds were in the bank at Rome from September 8, 1922, until August 23, 1923.   If the checks had been presented at any time between these dates, they would have been

paid. Loss resulting from neglect shou d fall upon the one responsible for the fault. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76, 85.) Plaintiff argues that defendant " through its agent " withdrew the funds and the courts have so far decided that the withdrawal by the trustee in bankruptcy was the exact equivalent of withdrawal by defendant. We take a different view. While Knauth, Nachod & Kuhne were defendant's agents for making the deposit, they never were vested with any authority to withdraw. (*Hermann* v. *Niagara Fire Insurance Co.*, 100 N. Y. 411, 415.) Moreover, the trustee was Knauth, Nachod & Kuhne's representative only because the law intervened and took from the bankrupt the control of its property. In a more accurate sense he was the representative of the bankrupt's creditors rather than the bankrupt. The funds were withdrawn by operation of the law as represented by the court and the trustee. Defendant cannot be held responsible for an act accomplished by the arm of the United States District Court.

On the new trial which must be granted, the judgment will rest upon the disposition of an issue of fact. There is evidence for and against the proposition that plaintiff's assignors, probably ignorant of banking, were promised by defendant that the checks were as good as money and could be used at any time and at any bank. If the fact should be found that such representations were made and that, by reason of them, the holders of the checks were induced to believe that promptness was unnecessary, delay in presentation until after the funds had been withdrawn by order of court could not be deemed unreasonable within the intent of section 322, Negotiable Instruments Law.

The judgments should be reversed and a new trial granted, costs to abide the event.

CARDOZO, Ch. J., ANDREWS and LEHMAN, JJ., concur; POUND, CRANE and KELLOGG, JJ., dissent.

Judgments reversed, etc.