KARDYNAL *v.* GREZEZINSKI.

1. BILLS AND NOTES—FOREIGN BILLS OF EXCHANGE—NONPAYMENT—PROTEST—EVIDENCE—PRESENTMENT—DECLARATIONS — PRINCIPAL AND AGENT.

In action on foreign bills of exchange, where nonpayment by foreign bank was not protested, testimony of facts of presentment and refusal of payment by drawee was competent, but claimed declarations of reasons for nonpayment were not binding on drawer, as drawee is not his agent.

2. SAME—PRESENTMENT—PROTEST—WAIVER—STATUTES.

Where drawer of foreign bills of exchange forwarded money to establish credit for their payment, had no notice of irregularity, if any, in advices of credit, and was not responsible for their nonpayment if they were presented, but had right to expect they would be paid, protest was not dispensed with under negotiable instruments law (2 Comp. Laws 1929, §§ 9401, 9408, 9363).

3. SAME—EVIDENCE—ORAL PROMISE TO PAY.

Oral promise, if made, by drawer of foreign bills of exchange, that he would pay them if banks did not, did not give right of action on contract.

4. SAME—PROTEST—WAIVER.

Testimony as to oral promise by drawer of foreign bills of exchange that he would pay them if banks did not may not be considered by appellate court as waiver of protest on nonpayment by foreign banks.

5. SAME—PURPOSE OF REQUIRING PROTEST OF FOREIGN BILLS OF EXCHANGE.

One purpose of requiring protest of foreign bills of exchange (2 Comp. Laws 1929, § 9401) is that failure to pay and reason therefor shall not rest in uncertainty or parol, but shall be authenticated under solemn instrument by public official, which will establish rights and obligations of parties.

6. SAME—PROTEST—WAIVER.

Since proper authentication of fact of presentment is required by statute to charge drawer in case of nonpayment of foreign

bills of exchange, correspondence between payee and drawer in which latter advised former to present bill to bank does not show intention to waive protest, nor lead payee to act upon it as waiver thereof.

Error to Wayne; Perkins (Willis B.), J., presiding. Submitted June 9, 1931. (Docket No. 78, Calendar No. 34,458.) Decided October 5, 1931.

Assumpsit by Sawyer Kardynal against Anthony G. Grezezinski on foreign drafts. Judgment for defendant. Plaintiff brings error. Affirmed.

*Clair Olney (George B. Murphy,* of counsel), for plaintiff.

*Frank C. Cook* and *John P. O'Hara,* for defendant.

FEAD, J. The suit is on four drafts drawn by defendant to plaintiff on banks in Poland. Defendant had judgment on trial before the court, upon findings of fact and conclusions of law.

The drafts were not protested for nonpayment, as is required of foreign bills of exchange by the negotiable instruments law, 2 Comp. Laws 1929, § 9401.

The Polish banks claimed the drafts were never presented to them. Plaintiff testified that he presented the drafts, payment was refused, and the bank officials told him defendant had no funds or credit with them to pay the drafts. The testimony of the facts of presentment and refusal of payment was competent, but the claimed declarations of the reasons for nonpayment were not binding on defendant as the drawee is not the agent of the drawer. *Carle* v. *White,* 9 Greenl. (Me.) 104; *Forbes*

v. *Eldridge,* 9 Mass. 496; *Baldwin's Bank of Penn Yan* v. *Smith,* 215 N. Y. 76 (109 N. E. 138, Ann. Cas. 1917 A, 500); *Mazukiewicz* v. *Hanover National Bank,* 240 N. Y. 317 (148 N. E. 535), reversing 209 App. Div. 674 (205 N. Y. Supp. 278).

Plaintiff wrote defendant that he had presented the drafts and payment had been refused. Defendant, after investigation, wrote plaintiff that he had not presented the drafts, and if he would take them to the bank they would be paid. Plaintiff claims he afterwards presented them and also made inquiry of the bank, with the same result. Further correspondence was had between the parties for over a year, defendant finally forwarding to plaintiff letters from the banks claiming that plaintiff had not made presentation, and urging him to do so.

Plaintiff contends that, as defendant had no personal account with the Polish banks, and the drafts were personal and did not contain reference to the account of the forwarding bank, protest was dispensed with under 2 Comp. Laws 1929, §§ 9408, 9363, because it is not required "where the drawer has no right to expect or require that the drawee or acceptor will honor the instrument."

Defendant forwarded the money through a New York bank, which established the credit. The court found as a fact that the credit was established before plaintiff claims he presented the drafts. There was no showing that defendant knew the advices of credit were irregular, if they were, nor was responsible for nonpayment if the drafts were presented. Defendant had a right to expect the drafts would be paid and protest was not dispensed with. *Mazukiewicz* v. *Hanover National Bank, supra; First National Bank* v. *Currie,* 147 Mich. 72, 78 (9 L. R. A. [N. S.] 698, 118 Am. St. Rep. 537, 11 Ann. Cas. 241).

Plaintiff testified that when the drafts were issued, defendant told him he would pay them if the banks did not. Such promise, if made, did not give right of action on the contract. *Gorsche* v. *First National Bank of Manistique*, 233 Mich. 428. Nor may the testimony be here considered as a waiver of protest. The court was not requested to find the fact of the claimed promise, and did not find it. On the contrary, the court found as the fact that the protest had not been waived by any "circumstances or any act on the part of defendant," and the finding is not against the weight of evidence.

The correspondence between the parties did not constitute a waiver of protest. One of the purposes of requiring protest of foreign bills is that failure to pay and the reason therefor shall not rest in uncertainty or parol, but shall be authenticated under a solemn instrument by a public official which will establish the rights and obligations of the parties. Plaintiff was charged with knowledge of the formalities necessary to charge the drawer. The controversy between the parties was as to the fact of presentation. Proper authentication of this fact to charge the drawer is required by statute, and advice by a drawer that the payee present the bill does not show an intention to waive, nor lead the payee to act upon it as a waiver of the formalities of protest.

Judgment is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.