## MISCHNICK *v.* DIME SAVINGS BANK.

1. BILLS AND NOTES—FOREIGN BILLS OF EXCHANGE—NONPAYMENT.
   Money paid bank for foreign bill of exchange may not be recovered in action against it, where it acted in good faith, employed customary method of establishing credit, and unexplained failure to pay was due to no fault on its part.

2. SAME—BANKS AND BANKING—PROTEST.
   Recovery may not be had in action against bank on foreign bill of exchange, where nonpayment by foreign bank was not protested (2 Comp. Laws 1929, §§ 9375, 9378, 9401).

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 4, 1932. (Docket No. 7, Calendar No. 36,381.) Decided December 6, 1932.

Assumpsit by William Mischnick against Dime Savings Bank on a foreign bill of exchange. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Barbour & Martin,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Glenn D. Curtis,* of counsel), for defendant.

WIEST, J.   Plaintiff, wanting to send $197.60 to Jacob Will at Worms, Germany, visited defendant's branch bank in the city of Detroit, February 6, 1922, and purchased, paid for, and received the following instrument which he sent to the payee in Germany.

"THE DIME SAVINGS BANK.
9–21
"CHEQUE FOR                        No. 1902
"38,000 German Marks    DETROIT, MICHIGAN
Feb. 6–1922
"Pay to the order of Mr. Jacob Will the sum of thirty-eight thousand German marks.
To Filiale Der Pfalzischen Bank

"Worms, A. Rh.                    LLOYD J. SAXTON
"Germany                                Mgr.
"Sherman-Chene Branch."

The payee, in due time, presented the bill of exchange to the proper bank in Germany, and payment was refused, evidently because the credit had not at that time been established.   In March, 1922, Mr. Will came to Michigan, and, in April, 1922, plaintiff paid him the $197.60, and Mr. Will turned the bill of exchange over to plaintiff, who in August, 1925, brought this suit to recover the money he paid the bank for the bill of exchange, and had judgment. Defendant appealed.

Defendant contends that no recovery can be had in an action of assumpsit for the money paid the bank for the bill of exchange and no recovery can be had upon the bill itself without protest.   Upon refusal of payment by the drawee no right of action accrued to plaintiff against the drawer and none to the payee or his assignee without protest.

"Where a foreign bill appearing on its face to be such, is dishonored by non-acceptance, it must be

duly protested for nonacceptance, and where such a bill which has not previously been dishonored by nonacceptance is dishonored by nonpayment it must be duly protested for nonpayment. If it is not so protested, the drawer and indorsers are discharged. Where a bill does not appear on its face to be a foreign bill, protest thereof in case of dishonor is unnecessary.'' 2 Comp. Laws 1929, § 9401.

This was a bill of exchange, as defined by 2 Comp. Laws 1929, § 9375, and a foreign bill on its face, 2 Comp. Laws 1929, § 9378.

In *Gorsche* v. *First National Bank of Manistique,* 233 Mich. 428, the issues here presented were decided adversely to plaintiff. There assumpsit was brought to recover money paid for foreign bills of exchange, and, there being no protest for nonpayment, we held there could be no recovery. See, also, *Kardynal* v. *Grezezinski,* 255 Mich. 421.

Defendant bank had a credit account in its correspondent bank at Berlin, Germany. The bank at Worms, Germany, was affiliated with the bank at Berlin. Defendant bank directed the Berlin bank to establish credit to its account in the bank at Worms to meet the draft. The defendant acted in good faith, employed the customary method of establishing the credit, but, for some unexplained reason and without fault on its part, there was delay. Plaintiff cannot recover the money he paid for the bill of exchange, and, without protest, no recovery can be had on the bill of exchange.

The judgment is reversed, without a new trial, and with costs to defendant.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, and BUTZEL, JJ., concurred. FEAD, J., did not sit.