person must understand, in fact, its dangerous character, and be able to appreciate such dangers and the consequences of a want of care, before the master will have discharged his whole duty to such an employé."

The same general principle is stated in Wood on Master and Servant (2d Ed., § 350), as follows:

"In the case of young children, a mere warning to the child is not the measure of the master's duty; he must instruct him as to the methods of working with and about it, and it is negligence per se for him to put such a person at work with or in the vicinity of dangerous machinery, or subject him to any extraordinary hazard, until he has been properly made to understand the method of using it, as well as the hazards incident to its use."

To the same effect, see Thall v. Carnie (Sup.) 5 N. Y. Supp. 244; Rolling Mill v. Cooper (Ind. Sup.) 30 N. E. 294; Healey v. Bagging Co. (City Ct. Brook.) 14 N. Y. Supp. 934; and Murphy v. Mairs, 19 Wkly. Dig. 492.

The master, having neglected this duty of instruction, was guilty of negligence; and we cannot hold, as matter of law, that the danger in this instance was so obvious and patent that the plaintiff, considering her age, was bound, in the absence of warning or instructions, to observe and appreciate the danger, and was therefore guilty of contributory negligence in failing to discover it. That question on the evidence was one of fact for the justice. He found for the plaintiff thereon, and we are not required to disregard his finding. Healey v. Bagging Co., supra; McDermott v. Railroad Co. (Sup.) 13 N. Y. Supp. 435; Miller v. Coykendall, 20 Wkly. Dig. 299. The ground upon which the liability is fixed makes the cases relied on by the defendants inapplicable, and the fact whether the machine was defectively constructed or in good order immaterial.

The judgment must be affirmed, with costs. All concur.

---

(21 Misc. Rep. 671.)

CITIZENS' FIRE INS. CO. v. SWARTZ.

(Supreme Court, Appellate Term. November 24, 1897.)

1. INSURANCE—PREMIUM—PAYMENT TO AGENT.

In November, 1895, plaintiff issued to defendant a fire insurance policy, for one year. It was the New York standard form, and contained the usual clause that no one should be deemed plaintiff's agent unless duly authorized in writing, and it contained no clause acknowledging receipt of the premium. The policy was procured by one L., an insurance broker, and delivered to defendant at about its date. On January 16, 1896, defendant paid the premium to L., who failed to pay it to plaintiff, and in August disappeared. Plaintiff, who did not know of the defendant's payment to L. prior to the latter's disappearance, made no demand on defendant for the premium until September 17, 1896, and, on his refusal, brought this action. It did not appear that L. had ever had any other transaction with plaintiff, and, when he called on defendant for payment, he had no indicia of authority for receiving it. *Held* that, even irrespective of the agency clause, L. was the agent of defendant only, and that the payment to him did not estop the company from recovering the premium from defendant.

2. SAME—DEMAND OF PREMIUM.

If a fire insurance company chooses to extend credit to an assured for the premium, it is under no obligation to him to demand payment at any particular time during the term, unless it elects to cancel the policy for non-payment of the premium.

Appeal from Second district court.

Action by the Citizens' Fire Insurance Company against Louis Swartz. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. S. Galland, for appellant.

Purdy & Squire, for respondent.

McADAM, J. The action is to recover the premium upon a policy of fire insurance issued by the plaintiff to the defendant November 22, 1895, and having one year to run. The parties agreed in the court below upon the following facts: That the policy was the New York standard form (Laws 1886, c. 488; Richards, Ins. [2d Ed.] 584), containing the usual agency clause that "in any matter relating to this insurance no person unless duly authorized in writing shall be deemed the agent of the company"; that the insurance was negotiated between the parties by one James M. Lezynsky, an insurance broker, who procured the policy from the plaintiff, and delivered it to the defendant, on or about its date; that the premium was $22.50; that on January 16, 1896, the defendant paid Lezynsky the amount of the premium, and that the latter failed to turn it over to the plaintiff; that in August, 1896, Lezynsky disappeared, and has not since been heard from, and the plaintiff made no demand on the defendant for the premium until September 14, 1896. The question is whether these facts establish a payment of the premium to the plaintiff, or estop it from a recovery therefor against the defendant.

There are cases in which it is not easy to determine whether an agent is authorized to receive payment, and in all such instances the party who is to pay the money is required to see that the payment is made to one authorized to receive it. 1 Wait, Act. & Def. 283. There is nothing to show that Lezynsky was an agent of the plaintiff, save the single fact that the latter intrusted him with the possession of the policy to deliver to the defendant. The defendant did not pay Lezynsky at the time of the delivery of the policy, but about two months afterwards. If Lezynsky was the special agent of the plaintiff to deliver the policy, such agency terminated with the delivery, and, if any payment was thereafter made, it should have been to the plaintiff. An agency to deliver does not always, but sometimes may, imply the power to collect; and the extent of the authority must in each instance be determined by the peculiar circumstances of the case and the relation existing between the parties. It does not appear that Lezynsky ever had any other transaction with the plaintiff; that it had ever requested him to solicit insurance, paid or promised to pay him a commission, or had any acquaintance with him further than that arising from the negotiation concerning this one policy of insurance. Insurance on vessels is often, if not ordinarily, effected by brokers for and on account of the owners; and these brokers have accounts and a course of dealing both with the underwriters and the insured. Sheldon v. Insurance Co., 26 N. Y., at page 463. In such cases the broker is,

as stated in Ewell's Evans, Ag. (page 6), "agent for the insured, first in effecting the policy, and in everything that has been done in consequence of it; then he is agent for the underwriter as to the premium"; but all this results from the course of dealing between the parties, because in accordance with their evident intention.

In one of the cases cited by the appellant (Greenwich Ins. Co. v. Union Dredging Co., 14 Daly, 237), Larremore, C. J., speaking for the court, said (at page 239):

"I assent to the well-established rule, supported by a long line of authorities, that, in the absence of any extrinsic proof, the broker is held to be the agent of the assured. But this case presents some facts from which the court below, in view of other dealings of like character between the plaintiff and the brokers, might infer a special agency to collect premiums."

In that case it appeared that the plaintiff kept an account with the brokers, in which the premiums on policies procured were charged to them, from which it was manifest that credit was given directly to the brokers, and not to the insured.

When Lezynsky called upon the defendant, two months after the delivery of the policy, for the premium, he had no indicia of authority for receiving the money, which ought to have been paid before that time directly to the plaintiff. The defendant failed to exercise any care whatever in respect to ascertaining the authority of Lezynsky to act for the defendant. Whart. Ag. § 137. It was, at most, special, and the defendant was bound to ascertain the extent of it. Story, Ag. § 126.

The defendant claims that the plaintiff was bound to make a demand on him before Lezynsky disappeared. We think not. The plaintiff did not know that the defendant had paid the money to Lezynsky, so that the duty of disavowing his authority was not imposed on it. The facts would apparently justify the inference that the plaintiff had extended a credit to the defendant for the premium, and it was bound to take affirmative action only in case it elected to cancel the policy for nonpayment of the premium. O'Brien v. Insurance Co., 12 Misc. Rep. 127, 33 N. Y. Supp. 67. When a party is under a duty to speak, or when his failure to speak is inconsistent with honest dealings, and misleads another, then his silence may be deemed an acquiescence, and create an estoppel. More v. Insurance Co., 130 N. Y., at page 545, 29 N. E., at page 758. There is nothing in this case showing any neglect of duty on the part of the plaintiff to justify the application of such doctrine. If the policy had contained a clause acknowledging the receipt of the premium, it might be argued that it should be deemed equivalent to an ordinary receipt for money, and thus have given implied authority to collect the premium. See Insurance Co. v. Erb, 112 Pa. St. 149, 4 Atl. 8. But the policy in suit contains no such provision. Some of the reported cases speak of payments of premiums to agents as binding on the company; but they evidently do not include within the word "agents" mere intermediaries or brokers, and they are for that reason inapplicable. If Lezynsky, while in possession of the policy, had demanded and received payment of the premium

as a condition of delivering the policy, there might be some reason for connecting the act with the special agency or implied authority, if there was such; but there is no such evidence before us. Indeed, from the agreed facts it is fair to assume that, from the beginning to the end, Lezynsky was the solicitor and agent of the defendant, selected by him to do the acts which he performed, and that the payment made to him was but another mark of defendant's confidence in his fidelity. At all events, the justice was warranted in finding upon the agreed facts that there was no payment of the premium to the plaintiff or to any one authorized by it to receive such payment.

Our attention has been called to Wilber v. Insurance Co., 122 N. Y. 439, 25 N. E. 926; but in that case, as in Rohrback v. Insurance Co., 62 N. Y. 47, and Alexander v. Insurance Co., 66 N. Y. 464, there was a special provision, not found in this policy, that "if any broker or other person than the assured have procured this policy, or any renewal thereof, or any indorsement thereon, he shall be deemed to be the agent of the assured, and not of this company, in any transaction relating to the insurance." We do not therefore rely on those cases in reaching a result. Nor is it necessary for us, in this instance, to decide what effect should be given to the agency clause in the policy in suit, for. apart from it, we fail to discover any ground for interfering with the judgment, which must be affirmed, with costs. All concur.