### RUSSELL et al. v. MEDWIN et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. INSURANCE ☞186—ACTION FOR PREMIUMS—PAYMENT TO INSURED'S AGENT —LIABILITY.

Payment of premiums by the insured to its own agent through a settlement of their accounts did not relieve the insured from liability for the premiums, though charged to the agent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 396–398; Dec. Dig. ☞186.]

2. INSURANCE ☞188—ACTION FOR PREMIUMS—EVIDENCE.

Evidence, in an action by an insurance agent for premiums on property carried by it in various companies, *held* to establish the insured's liability for such premiums, notwithstanding insured's settlement thereof with its own agent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. ☞188.]

Appeal from Albany County Court.

Action by George H. Russell and Clarence H. Russell, comprising the firm of George H. Russell & Son, against Benjamin Medwin and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

another. From an order and judgment of the Albany county court affirming a judgment of the City Court of Albany in favor of plaintiffs, defendants appeal. Judgment and order affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Charles E. Brennan, of Albany, for appellants.

George J. Hatt, 2nd., of Albany, for respondents.

JOHN M. KELLOGG, P. J. [1, 2] The defendants purchased certain real estate in Albany of or through the Hamilton Realty & Brokerage Company. At the time of the purchase the insurance upon the buildings was carried by the plaintiffs in various companies which they represented. After the purchase, as the defendants' agent, the Realty Company collected the rents and obtained building permits to be attached to the insurance policies and obtained renewal policies when the old ones expired. One of the defendants applied to the plaintiffs for some of the permits, which, however, the plaintiffs mailed to the Realty Company and charged to it. The plaintiffs credited the Realty Company from time to time with 10 per cent. upon the premiums of insurance received through it. In September, 1913, the defendants and the Realty Company examined their accounts and found that the defendants were not indebted to it in any sum, and the Realty Company gave the defendants a receipt in full for the insurance. The defendants did not pay the insurance in cash to the Realty Company, but claim that it was paid by this adjustment of accounts. A fire occurred in one of the buildings insured, in February, 1914, and the defendants notified the plaintiffs of a loss under the policies, and plaintiffs called the defendants' attention to the fact that the premiums had not been paid. Plaintiffs' evidence shows that the defendants expressed surprise, claiming they had settled with the Realty Company, but promised to pay the premiums to the plaintiffs. One of the defendants swears that she did not say they would pay the premiums, but said they had paid the premiums to the Realty Company, and she would see it about turning over the money to the plaintiffs. The judgment and its affirmance establish that the Realty Company was the agent of the defendant in leasing and insuring the property, and as such agent had the right to contract for the insurance, and that after the adjustment of the accounts between the defendants and the Realty Company, when the plaintiffs demanded payment, the defendants agreed to pay. The adjustment of the accounts between the defendants and the Realty Company is not controlling, as the Realty Company in obtaining the insurance was acting as the agent of the defendants and the defendants became liable for the premiums. The fact that the plaintiffs charged the premiums to the Realty Company is not conclusive. The judgment should be affirmed, with costs. All concur.