GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Plaintiff, *v.* LESHER, WHITMAN & Co., INC., and Others, Defendants.

City Court of New York, April 1, 1926.

Insurance — premiums — liability of assured for premiums paid to broker who failed to transmit to insurer — defendant engaged unlicensed broker who procured insurance from plaintiff through licensed broker — defendant paid his broker who in turn paid licensed broker — policy provided that broker should be considered as agent of assured — facts show that plaintiff accepted broker as its agent by submitting bills to broker and transmitting policy to him — custom and usage — custom of insurance company to submit bills to brokers will not override effect of facts showing that broker was plaintiff's agent for collection of premiums — term " uncollectible " defined — evidence to explain meaning of word " uncollectible " written by plaintiff on duplicate of bill presented to broker not admissible.

In an action to recover from the assured an additional premium on a " transit policy " of insurance, the defendant is entitled to succeed on his defense of payment, since it appears that the defendant applied to an unlicensed broker.

for insurance who, in turn, procured insurance from the plaintiff through a licensed broker; that the defendant paid his broker by a check covering several items and the latter, in turn, paid the broker who procured the insurance; that the broker procuring the insurance did not remit the money to the plaintiff, and the plaintiff thereafter presented a bill to him and demanded payment; and that the plaintiff, on the broker's refusal to pay, wrote across the face of a duplicate of the bill " uncollectible " and later commenced this action to recover the additional premium.

A provision in the policy to the effect that the insurance broker would be considered the agent of the assured and not of the insurer was waived in this case, since it appears that the plaintiff by transmitting the policy in question to the broker who procured the insurance, by sending him the bill for the insurance, by endeavoring to collect the money from him, and in other ways recognized him as its agent and, therefore, under the circumstances, it cannot plead that the broker was the agent of the assured and that the assured is responsible for the broker's failure to remit the premium.

Evidence of custom and usage which was admitted by consent subject to further consideration by the court to the effect that it is a common custom of insurance companies to bill premiums to brokers is not effective in this case to override established law or contradict the agreement between the parties.

Evidence was inadmissible to show the meaning of the word " uncollectible " which the plaintiff wrote across a duplicate of the bill presented to the broker covering the premiums in question, for the word is not ambiguous and means that after unsuccessful efforts to collect the bill, the bill is regarded as uncollectible.

ACTION to recover premiums on policy of indemnity insurance.

*Louis Gans*, for the plaintiff.

*Hughes, Rounds, Schurman & Dwight* [*Thomas L. Ennis* of counsel], for the defendant Lesher, Whitman & Co., Inc.

*Tausch, Hamilton & Herrlich* [*J. Franklin Tausch* of counsel], for the defendant John J. Gavin.

HARTMAN, J. This case was submitted to the court upon an agreed statement of facts in conjunction with testimony taken as to custom, received by consent but subject to the ruling of the court. This is an action by the plaintiff insurance company to recover a premium alleged to be due from the defendant Lesher, Whitman & Co., Inc., as the assured, on a policy of insurance issued by plaintiff to said defendant. The policy in suit is a certain " transit policy " of insurance which the plaintiff had issued to the assured covering its goods in transit for the period April 1, 1921, to April 1, 1922. This policy provided for an initial premium of $750, covering the shipments by the assured of its merchandise up to a certain amount stated in the policy. It also provided for an additional premium upon the amount of shipments thereunder in excess of the amount stated therein as covered by the initial premium. This action is to recover the additional premium of

$1,163.80 found to be due upon an audit of the books of the assured on or about May 29, 1922.

The defense is payment. The initial premium of $750 was paid by the assured to its broker, one Gavin, by a check for a larger amount, covering, in addition to said $750, other items owed by it to Gavin, such other items not being connected with the matter in suit. Gavin paid said premium to one Willis, the broker who effected the insurance, by check for a larger amount, which included other items owed by Gavin to Willis. The plaintiff received this sum from Willis less the amount of his commissions, which he deducted therefrom. The assured engaged said Gavin to procure the policy in suit. Gavin, not being a licensed broker, hired Willis, a licensed broker, to procure the policy. Plaintiff issued such policy and delivered it, together with the bill for the premium, to Willis, who delivered same to Gavin, and Gavin in turn delivered same to the assured. Plaintiff carried an account with Willis on its books and charged only him with the premium in suit. Willis was entitled upon collection of this additional premium to deduct his commissions therefrom. Plaintiff also had other business with Willis of this kind other than for the assured, and carried against him on its books of account a charge therefor.

On June 29, 1923, plaintiff billed Willis for the additional premium, and again on January 28, 1924. The first demand for payment on the assured was made on the latter date. On March 17, 1924, plaintiff again billed Willis for this premium. On December 3, 1923, plaintiff wrote Willis a letter demanding payment, and on a duplicate of the bill it had sent Willis, dated June 29, 1923, plaintiff wrote across the face thereof, " uncollectible." The premium for which this suit is brought was paid by the assured to Gavin by check for a larger amount covering said amount and other items owed by the assured to Gavin, such other items not being connected with the matter in suit. Gavin paid said additional premium to Willis by check for a larger amount, which included other items owed by Gavin to Willis. Plaintiff did not receive said additional premium from Willis or from any one else. The assured, upon action being brought against it, brought in Gavin as a party defendant on the gound that if it should be held liable to the plaintiff that Gavin would be liable over to the assured. By the same procedure Gavin brought in Willis as a party defendant. The policy in suit contained this provision: " If any party or parties other than the assured have procured this policy or any renewal thereof, or any indorsement thereon, he shall be deemed to be the agent of the assured, and not this company, in any and all transactions and representations relating to this insurance."

The broker thus is the agent of the assured with relation to the matters specified in that clause. He cannot be held to be the agent of the insurance company without evidence of some act upon the part of the insurance company or facts from which the authority to represent it may be inferred. (*Allen* v. *G. A. Ins. Co.,* 123 N. Y. 6.) The question then to be determined is: Did the plaintiff by acts or conduct cause or permit Willis to appear as its agent, and thus constitute him as such so as to be a waiver of the " agency of the assured " clause, and permit the court to go outside of the contract in determining the legal effect of a payment to Willis? The fact alone that plaintiff charged Willis with the premium may not be considered conclusive as constituting him its agent (*Russell* v. *Medwin,* 171 App. Div. 32), but the additional facts that plaintiff delivered the policy in suit to Willis for delivery by him to the assured; that it gave him the bill for the premium; the other business Willis had with the plaintiff; the account plaintiff kept with Willis; the fact that Willis only was charged with the premium in suit and that plaintiff looked only to him for payment, together with the course through which the first premium was paid to plaintiff by the assured, which plaintiff accepted from Willis after he had first paid himself for his services by deducting his commissions therefrom, must be construed, in the light of the authorities, to have had the effect of waiving the provision under discussion and to have constituted him its agent for the collection of the premium. This conclusion, I believe, is warranted by a study of the decided cases. *Globe & R. F. I. Co.* v. *Robbins & Myers Co.* (43 Misc. 65) was a case where the insurance company sued the assured for a premium and the defense was payment to a broker by whom the application for the policy had been made on the defendant's behalf.

The insurance company had delivered the policy to the broker, and he in turn delivered it to the broker of the assured in Ohio, where the assured resided. After receipt of the premium by the broker effecting the insurance, less commissions deducted by the assured's resident broker, he absconded without making any payment of such premium to the plaintiff. It appeared that the absconding broker had acted in effecting insurance written by the plaintiff in other instances. The court there held that credit was extended to the absconding broker, and that the only inference properly deducible from these facts is that authority existed in the absconding broker to receive such premium on plaintiff's behalf. The court distinguished that case from *Citizens' Fire Ins. Co.* v. *Swartz* (21 Misc. 671) in that it failed to appear there that the absconding broker had ever had any other transaction with the

**878**   Globe & R. F. Ins. Co. *v.* Lesher, Whitman & Co., Inc.

City Court of New York, April, 1926.        [Vol. 126

insurance company than the one involved in the suit, or that it had paid or promised to pay him any commission, or had any acquaintance with him further than that arising from the negotiations concerning the one policy there involved. The *Globe & Rutgers Case* (*supra*) was affirmed by the Appellate Division in the First Department (109 App. Div. 530).

The court there held that a provision in the policy that " no person, unless duly authorized in writing, shall be deemed the agent of this company " applied only to matters connected with the making of the contract, and, therefore, to determine what arrangement was made as to the payment of the premium the court had a right to look outside the contract. That the clause under discussion has a limited application was held in *Hermann* v. *Niagara Fire Ins. Co.* (100 N. Y. 411). That case is authority for the proposition that notwithstanding a clause in the policy declaring that any person other than the assured procuring the policy should be deemed the agent of the assured, and not of the company, in any transaction relating to the insurance, such person was not constituted a continuing agent to make notice to him after the policy went into effect binding on the assured. In *Greenwich Ins. Co.* v. *Union Dredging Co.* (14 Daly, 237), cited with approval in the opinions in the *Globe & Rutgers Case* (*supra*), the court held that in spite of a provision in the policy to the effect that if the premium be paid to any person or persons other than the duly appointed and authorized agent of the company such payment shall be at the sole risk of the assured, a broker to whom the assured had paid the premium was held the agent of the insurance company upon it being made to appear that the insurance company kept a regular account with the broker, and that it extended credit to the broker, as evidenced by the giving of the policies to him for delivery to the assured.

Testimony as to custom was taken by consent, subject to the ruling of the court upon defendant's objection. It was attempted to show that it was the custom to charge the broker, who procured the insurance, with the premium. The general rule is that custom, in order to be proved, must be pleaded. (*Clifton Shirting Co.* v. *Bronne Shirt Co., Inc.*, 213 App. Div. 239.) Plaintiff did not make such plea. However, as the defense of payment was one to which plaintiff need not have replied without an order directing service of a reply, the rule just enunciated may not have application. However, assuming the custom to be as claimed, plaintiff, nevertheless, by its conduct constituted Willis as its agent for the collection of this premium as a matter of law, and custom and usage may not control or override established law or contradict the agree-

ment between the parties, either express or implied. (*Britton* v. *Ferrin*, 171 N. Y. 235, 242.) There is in evidence a duplicate of the bill sent by plaintiff to Willis, dated June 29, 1923. Across this paper is written " uncollectible."

Plaintiff offered to prove that this statement appearing on the face of this exhibit, as understood by it and under its practice, meant that it had exhausted every effort to collect the amount in suit before sending the same to its attorney for collection. The court is to pass upon the competency of this proof pursuant to stipulation of the parties. The word " uncollectible" is an unambiguous statement, and the objection to the attempted explanation must be sustained. This word written across the face of the exhibit in the handwriting of the plaintiff must be given its natural intendment, and must be taken to mean that after unsuccessful efforts to collect from Willis plaintiff had regarded the claim as uncollectible.

In all the circumstances of the case the court finds that plaintiff constituted Willis as its agent to collect the premium in suit, and that the defense of payment was sustained. Willis defaulted at the trial. The court awards judgment in favor of the defendants Lesher, Whitman & Co., Inc., and John J. Gavin.

Settle findings on notice.

---

In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title to the Elevated Railroad Structures, etc., of the MANHATTAN RAILWAY COMPANY, or by Whomsoever Owned, in East Forty-second Street, Constituting the Existing Forty-second Street Spur, in the Borough of Manhattan, City of New York, and Also to Acquire the Right to Extinguish All Rights, etc., of Said MANHATTAN RAILWAY COMPANY, or by Whomsoever Owned, to Construct, Maintain and Use Said Elevated Railroad Structures, etc.

Supreme Court, New York County, April 13, 1926.

**Eminent domain — street railways — damages upon condemnation of elevated railroad spur in city of New York — tracks, structures, stations and appurtenances of railroad company removed and rights, easements and franchises condemned under order of Public Service Commission, pursuant to statute (Laws of 1917, chap. 788, as amd.) — rules stated for valuation of franchise, public and private easements in street, structures, and other rights and property of railroad company.**

In condemnation proceedings instituted by the city of New York to acquire title to the elevated railroad structure of the Manhattan Railroad Company in East Forty-second street, New York city, constituting the existing " East