WILLIAM L. CASPER, Plaintiff, v. AMERICAN EQUITABLE ASSURANCE COMPANY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April, 1932.

*Daniel M. Bloomfield,* for the plaintiff.

*Wendell P. Barker,* for the defendant.

GENUNG, J.   An insurance broker, licensed in the State of New York but not in the State of New Jersey, was employed by the plaintiff to procure a policy of insurance to cover the plaintiff's home located in the State of New Jersey.   The broker obtained a policy from a New Jersey agent of the defendant insurance company.   After delivery of the policy to the assured, the broker was paid the premium, but failed to remit to the insurance company, and the insurance company thereafter canceled the policy for non-payment of premium.   The plantiff has commenced this action to recover the premium which he paid and the defendant is counter-claiming for the earned premium on the policy.

The policy contained the following clause: " In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this Company."

In view of that provision, the broker cannot be held to be the

agent of the insurance company unless the insurance company by its conduct can be said to have waived the provision and constituted the broker as its agent for this specific purpose.

In *Allen* v. *German American Insurance Co.* (123 N. Y. 6) Mr. Justice GRAY, writing the prevailing opinion, said: " A mere insurance broker, as Noble appears to have been, cannot be converted into an agent of the insurance company without evidence of some action on the part of the company, or of facts, from which　*　*　* it might be fairly inferred."

Before the insurance company can be said to have waived the provision referred to in order to constitute this broker as an agent for the purpose of collecting premiums, evidence should have been brought forth to show that the particular broker had other dealings with the insurance company and that the insurance company in the past had extended credit to him. (*Globe & Rutgers Fire Ins. Co.* v. *Lesher*, 126 Misc. 874.) There is no evidence offered of the course of dealing between this broker and the insurance company nor were any facts presented to the effect that credit had been extended by the insurance company to the broker.

There is nothing to substantiate the claim of the plaintiff that the broker was appointed subagent by the agent of the insurance company. The fact that he was unlicensed has no bearing on the case inasmuch as he was treated as an insurance broker by both parties.

It is my opinion that the complaint should be dismissed and that the defendant should be entitled to judgment on his counterclaim.