MANHATTAN WET WASH LAUNDRY Co., INC., Plaintiff, *v.* GUARDIAN CASUALTY COMPANY, Defendant.

Supreme Court, New York County, May 21, 1932.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the plaintiff.

*Kennedy & Chamberlin* [*Clarence E. Mellen* of counsel], for the defendant.

HAMMER, J. Plaintiff seeks to recover the sum of $1,200, with interest from November 19, 1928, the balance of the unearned insurance premium alleged to have been paid by it to the defendant on a policy of workmen's compensation insurance issued September 10, 1928, for a term of one year, but which was canceled by the defendant pursuant to the terms of the policy effective November 19, 1928. The defendant admits the issuance and cancellation of the policy but denies payment of any part of the premium and counterclaims for the sum of $274.69, the claimed amount of the earned premium between the date of issuance of the policy and the date of its cancellation. The payment alleged to have been made by the plaintiff was in the form of a check for $141.30 and four notes, each for $450, payable in three, four, five and six months, respectively, and were made by the plaintiff payable to M. J. Bloom Company and were in settlement of an account stated on that date between plaintiff and Bloom covering premiums due on various policies with different companies, including $1,410 due on the policy issued to plaintiff by defendant. M. J. Bloom was an insurance broker doing business as M. J. Bloom Company. The defendant never received any of the proceeds of the check or notes given by plaintiff to Bloom and claims no part of the premium on the policy was ever paid. The principal question presented is whether the check and notes in the form delivered by plaintiff to the broker Bloom and the subsequent payment thereof by plaintiff, the proceeds of which were not received by the company, constituted payment to the company of the premium on this policy.

In my opinion Bloom was the agent of the defendant for the purpose of delivering the policy and the collection of the premium. However, the evidence does not show that Bloom had any authority to enter into any arrangement personally to extend credit, defer the time of payment, and take the notes of the insured payable to Bloom or M. J. Bloom Company in satisfaction of the premium. His authority did not extend further than upon delivery of the policy to receive from the assured the amount of the premium named therein, which was the effect of the decision in *Great American Indemnity Co.* v. *Manhattan Wet Wash Laundry Company, Inc.* (N. Y. L. J. June 30, 1931, App. Term, First Dept.) in a form which in and of itself would be payable to the company. (*Hoguet*

v. *Hollister*, 192 N. Y. Supp. 330; *Citizens' Fire Ins. Co.* v. *Schwartz*, 21 Misc. 671; 2 C. J. 627, 628, § 266.)

As was said in *Allen* v. *German American Ins. Co.* (123 N. Y. 6): " He [the broker] was a conduit between it [the company] and plaintiff [the assured] for the delivery of the policy and its renewals and the collection of the premiums, and to that extent, it may be said, he was an agent, but no other powers can be predicated upon those acts." (Words in brackets mine.) (See, also, *Mord* v. *Hartford Accident & Indemnity Co.*, 245 N. Y. 279.)

Accordingly I find that the giving by the plaintiff to Bloom of the check and notes as hereinbefore stated did not, under the authorities, constitute payment to the defendant. Therefore, plaintiff's motions for direction of verdict are denied. Defendant's motions for direction of verdict are granted. Judgment is directed for the defendant on the plaintiff's claim dismissing the complaint. Judgment is directed for the defendant on the defendant's counterclaim for the sum of $274.69, with interest from the 10th day of September, 1928, to be computed and added by the clerk. Appropriate exceptions are allowed. Thirty days' stay of execution, sixty days to make a case on appeal.